J-S19025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT MERK | |
| Appellant | No. 2337 EDA 2014 |

Appeal from the PCRA Order July 10, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001517-2009
CP-51-CR-0015427-2009

BEFORE:  STABILE, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                    **FILED APRIL 07, 2015**

Appellant Robert Merk appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his petition filed for relief pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On January 26, 2009, at approximately 3:00 a.m., Appellant entered a Wawa store, approached the cashier, and directed him to give Appellant all of the money in the register.  Appellant told the cashier he had a gun pointed at him, and the cashier gave him the contents of the register, about

_____

[1] 42 Pa.C.S. §§ 9541-9546.

two hundred dollars. After the cashier handed him the money, Appellant demanded a carton of Kool cigarettes, which the cashier also gave him. Appellant then got into a dark-colored Chevy pick-up truck. The Wawa manager called 9-1-1, and Officer Buckman responded to the location and apprehended Appellant in his vehicle.

On October 7, 2009, at approximately 7:00 a.m., Appellant entered a 7-11 store, approached the cashier, and demanded the cashier give him the contents of the register. The cashier told Appellant that he was standing next to a police officer, and Appellant fled the store. Officer Mather followed Appellant and watched him get into a Chevy Lumina. Officer Mather wrote down the license plate number, and discovered the vehicle was registered to Appellant's home. Officers later apprehended Appellant.

Several witnesses identified Appellant shortly after each incident. Wawa video surveillance captured the January 26, 2009 event, and Appellant admitted to the above facts during Appellant's guilty plea and sentencing. See N.T., 3/27/12, at 13-19.

On March 27, 2012, Appellant entered a non-negotiated guilty plea to two counts of both robbery and possessing an instrument of crime ("PIC") for his combined offenses. The court sentenced Appellant to an aggregate sentence of 12½-25 years' incarceration. On November 20, 2012, Appellant filed a timely *pro se* PCRA petition. The court appointed counsel, who filed a

no-merit letter pursuant to **Turner**[2]/**Finley**[3] with a petition to withdraw on May 28, 2014. The court granted counsel's petition and issued a Rule 907 notice of intent to dismiss the PCRA petition without a hearing. On June 26, 2014, Appellant filed a response to the Rule 907 notice. On July 10, 2014, the court denied Appellant's PCRA petition without a hearing. On August 4, 2014, Appellant filed a notice of appeal. The court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On September 17, 2014, the court filed its Pa.R.A.P. 1925(a) opinion.[4]

Appellant raises the following issues for our review:

> 1. WHETHER PCRA COUNSEL WAS INEFFECTIVE FOR FAILING TO PROPERLY REVIEW AND PRESENT MERITORIOUS ISSUES, INCLUDING SPECIFICALLY THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL ("IATC") CLAIMS WITHOUT AN EVIDENTIARY HEARING FOR [APPELLANT'S] TESTIMONY TO FULLY EXPLAIN WHAT ISSUE HE TAKES WITH TRIAL/PLEA COUNSEL?
>
> 2. WHETHER TRIAL/PLEA COUNSEL PROVIDED DEFICIENT PREPARATION FOR TRIAL PREJUDICING [APPELLANT] BY REFUSING TO PRESENT A VALID ALIBI DEFENSE?
>
> 3. WHETHER THE FAILURE TO NEGOTIATE A PLEA, ADVISE [APPELLANT] TO ENTER AN OPEN GUILTY PLEA, AND

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988).

[3] **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988).

[4] Appellant filed a "Motion to Strike 1925(a) Opinion," which the court denied on October 28, 2014.

OTHERWISE CHALLENGE IMPOSITION OF THE INSTANT MANDATORY SENTENCE CONSTITUTED IATC?

4. WHETHER TRIAL/PLEA COUNSEL'S FAILURE TO FILE A REQUESTED POST-SENTENCE MOTION TO WITHDRAW THE PLEA CONSTITUTED IATC?

Our well-settled standard of review for orders denying PCRA relief is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

To be eligible for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence was the result of one or more of the following:

> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

- 4 -

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2).

In all four issues on appeal, Appellant argues that ineffective assistance of counsel entitles him to a new trial. We disagree.

This Court follows the **Pierce**[5] test adopted by our Supreme Court to review claims of ineffective assistance of counsel:

> When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. We have interpreted this provision in the PCRA to mean that the petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that the error of counsel prejudiced the petitioner-*i.e.*, that there is a reasonable probability that, but for the error

---

[5] **Commonwealth v. Pierce**, 527 A.2d 973 (Pa.1987).

of counsel, the outcome of the proceeding would have been different. We presume that counsel is effective, and it is the burden of Appellant to show otherwise.

*Commonwealth v. duPont*, 860 A.2d 525, 531 (Pa.Super.2004), *appeal denied*, 889 A.2d 87 (Pa.2005), *cert. denied*, 547 U.S. 1129, 126 S.Ct 2029, 164 L.Ed.2d 782 (2006) (internal citations and quotations omitted). The petitioner bears the burden of proving all three prongs of this test. *Commonwealth v. Meadows*, 787 A.2d 312, 319-320 (Pa.2001). "If an appellant fails to prove by a preponderance of the evidence any of the *Pierce* prongs, the Court need not address the remaining prongs of the test." *Commonwealth v. Fitzgerald*, 979 A.2d 908, 911 (Pa.Super.2009), *appeal denied*, 990 A.2d 727 (2010) (citation omitted).

Appellant fails to prove any prongs of the *Pierce* test for his ineffective assistance of counsel claims. For purposes of disposition, we will address Appellant's third issue first. In his third issue, Appellant argues trial counsel was ineffective for advising him to enter an open guilty plea. Further, he alleges his guilty plea was involuntary because he did not know that his sentences could be imposed consecutively. Appellant claims his involuntary guilty plea has resulted in manifest injustice, which entitles him to a new trial. We disagree.

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v.*

*Hickman*, 799 A.2d 136, 141 (Pa.Super.2002) (citing *Commonwealth v. Allen*, 557 Pa. 135, 732 A.2d 582 (1999)). Whether a plea was voluntary "depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Commonwealth v. Lynch*, 820 A.2d 728, 733 (Pa.Super.2003), *appeal denied*, 835 A.2d 709 (Pa.2003) (quoting *Hickman*, 799 A.2d at 141).

"[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." *Commonwealth v. Willis*, 68 A.3d 997, 1001 (Pa.Super.2013) (quoting *Commonwealth v. Anderson*, 995 A.2d 1184, 1192 (Pa.Super. 2010) (alterations in original)). A guilty plea colloquy must "affirmatively demonstrate the defendant understood what the plea connoted and its consequences." *Id.* at 1002 (quoting *Commonwealth v. Lewis*, 708 A.2d 497, 501 (Pa.Super.1998)). After a defendant enters a guilty plea, "it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Id.* (quoting *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa.Super.2008)).

Whether a defendant is competent to plead guilty "requires a finding that the defendant comprehends the crime for which he stands accused, is able to cooperate with his counsel in forming a rational defense, and has a rational and factual understanding of the proceedings against him." *Willis*,

68 A.3d at 1002 (citing **Commonwealth v. Turetsky**, 925 A.2d 876 (Pa.Super.2007)). "[T]he mere fact [a defendant] was taking prescribed psychotropic medication at the time of [a] plea does not, of itself, result in the conclusion he was unable to enter a knowing, voluntary, and intelligent guilty plea." **Id.**, at 1009.

Here, the court conducted a thorough colloquy before Appellant entered his guilty plea. **See** N.T., at 3-12. Appellant was competent to enter his plea and stated that the only medication he was taking, Strattera, for depression, did not affect his understanding of the proceedings. The court explained to Appellant that he could go to jail for up to sixty years and that he did not have to plead guilty. Appellant demonstrated that he entered the plea with a full understanding of what it connoted and its consequences. **See Willis, supra.** Based on Appellant's responses to its questions, the court was satisfied that Appellant entered the guilty plea knowingly, intelligently and voluntarily. Further, given the eyewitnesses to the crimes and the video surveillance of Appellant, it was in the range of competence of a criminal attorney to suggest Appellant enter into an open guilty plea. **See Lynch, supra.** Thus, Appellant's guilty plea was not unlawfully induced, and his claim of ineffectiveness lacks merit.

In his second issue, Appellant argues trial counsel was ineffective for failing to present a valid alibi defense. Appellant claims his wife was able and willing to testify that she was with him at a different location during the

time the crimes were committed. Given the eyewitness testimony, the video surveillance, and Appellant's guilty plea, there was no basis to present an alibi defense. Accordingly, this claim of ineffectiveness lacks merit.

In his fourth issue, Appellant claims his counsel was ineffective for failing to file post-sentence motions to withdraw the guilty plea.

The standard for withdrawal of a guilty plea after the imposition of sentence is much higher than the standard applicable to a pre-sentence motion to withdraw. *Commonwealth v. Byrne*, 833 A.2d 729, 737 (Pa.Super.2003). A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw the plea. *Id.* "Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily." *Commonwealth v. Hodges*, 789 A.2d 764, 765 (Pa.Super.2002); *see also* Pa.R.Crim.P. 590(A)(3). "[D]isappointment by a defendant in the sentence actually imposed does not represent manifest injustice." *Byrne*, 833 A.2d at 737 (citation omitted); *see also Commonwealth v. Moser*, 921 A.2d 526, 528-529 (Pa.Super.2007) ("The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [appellant's] decision to plead be knowingly, voluntarily and intelligently made.").

Here, Appellant entered his guilty plea intelligently, knowingly, and voluntarily. Appellant's disappointment in his sentence does not represent

manifest injustice. *See Byrne, supra.* If Appellant had filed a post-sentence motion to withdraw his guilty plea, he would not have been able to demonstrate manifest injustice, and the court would have denied the motion. Thus, Appellant suffered no prejudice from his counsel's failure to file a post-sentence motion to withdraw the guilty plea. *See Pierce, supra*; *see also Commonwealth v. Edwards*, 612 A.2d 1077, 1079-80 (Pa.Super.1992), *appeal denied*, 625 A.2d 1191 (Pa.1993) (dismissing appellant's ineffective assistance of counsel claim because appellant could not show prejudice for counsel failing to file post-sentence motions to withdraw guilty plea when guilty plea was voluntary and knowing).

In Appellant's remaining issue, the first issue in his brief, he argues PCRA counsel was ineffective for failing to present meritorious issues, specifically the ineffectiveness of trial counsel. Because we have determined trial counsel was not ineffective, this issue lacks merit. The determination of the PCRA court is supported by the evidence of record and is free of legal error. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/7/2015

- 10 -