601 A.2d 816

COMMONWEALTH of Pennsylvania

v.

Jerry Lee PHILLIPS, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 19, 1991.

Filed Jan. 7, 1992.

330

334

----

Carmela R.M. Presogna, Asst. Public Defender, Erie, for appellant.

Joseph P. Conti, Asst. Dist. Atty., Erie, for Com., appellee.

Before BECK, TAMILIA and HESTER, JJ.

TAMILIA, Judge:

On June 28, 1990, appellant, Jerry Lee Phillips, was sentenced to fifteen (15) to thirty (30) years imprisonment as a consequence of a jury finding him guilty of robbery,[1] criminal conspiracy[2] to commit robbery and aggravated assault.[3] The charges stemmed from an incident wherein appellant and Anthony Phillips, his brother and co-conspirator, beat and robbed the victim, Norman Musset, and escaped in a car driven by Leander Speed.

On appeal Phillips alleges the court erred by: 1) denying his motion for directed verdict on criminal conspiracy; 2) allowing discriminatory jury selection; 3) denying appellant's request for a *Kloiber* charge; 4) failing to instruct on accomplice liability; and 5) imposing a manifestly excessive and unreasonable sentence. Appellant also argues trial counsel was ineffective for failing to challenge the alleged discriminatory aspects of jury selection, failing to preserve

1. 18 Pa.C.S. § 3701.
2. *Id.,* § 903.
3. *Id.,* § 2702.

for appeal the discretionary aspects of his sentence and failing to produce alibi witnesses.

■ Appellant contends because co-conspirator Anthony Phillips was previously acquitted on the charge of conspiracy, he was entitled to a directed verdict on the charge of conspiracy, and relies on *Commonwealth v. Campbell,* 257 Pa.Super. 160, 390 A.2d 761 (1978), affirmed per curiam, 484 Pa. 387, 399 A.2d 130 (1979), in support of this averment. *Campbell* held where a conspiracy indictment against a defendant names only one other person as a co-conspirator and that person was acquitted prior to defendant's trial, defendant may not be convicted of conspiracy. *Id.* In 1980, however, our Supreme Court found a valid conviction for conspiracy will not be disturbed by a subsequent acquittal at separate trials of all alleged conspirators. *Commonwealth v. Byrd,* 490 Pa. 544, 417 A.2d 173 (1980). It remains for this Court to decide whether *Byrd* impliedly overrules *Campbell* and is applicable to this case where the co-conspirator was acquitted *before* appellant came to trial.

In his Opinion, Justice Roberts discusses at great length well-established principles in the areas of accomplice and conspiratorial liability. The origin of the law in *Campbell,* he reasons, is from a time when co-conspirators were tried jointly and a jury could not logically find the evidence proved conspiracy involving only one of the defendants being tried. This acquittal rule, however, loses much of its force when faced with alleged co-conspirators who are tried separately before completely different jurors and, conceivably, different evidence. Justice Roberts draws an analogy between the co-conspirator action before the Court and the law on accomplice liability, which allows prosecution for accomplice liability although the person who is claimed to have committed the crime was acquitted, and states to do otherwise would conceivably compound an erroneous or irrational acquittal rather than promote the Commonwealth policy of protecting the public interest. *See Commonwealth v. Brown,* 473 Pa. 458, 375 A.2d 331 (1977). In a

*Byrd* footnote Justice Roberts addresses *Campbell* as follows:

> 6. The issue in *Brown* was presented as one of collateral estoppel and our decision was to the effect that such a principle did not preclude subsequent prosecution of an alleged accomplice after acquittal of other co-defendants. The present appellant was tried and convicted before his co-conspirator's acquittal and thus no claim of estoppel is asserted here. Yet this in no way suggests that *Brown* is inapposite. Rather the permissibility of trying a defendant after a co-defendant has already been acquitted on similar charges presents, if anything, a more difficult question. We note that although alleged principal Smith was acquitted of all charges at his subsequent trial, appellant does not challenge his own convictions of robbery or murder on this basis.
>
> We have not ignored our per curiam affirmance of the Superior Court's decision in *Commonwealth v. Campbell*, 257 Pa.Super. 160, 390 A.2d 761 (1978), aff'd, 484 Pa. 387, 399 A.2d 130 (1979), which refused to uphold the conviction of one conspirator where his only alleged co-conspirator had been previously acquitted. Although today's decision casts doubt on *Campbell*, we need not and hence do not now accept the Commonwealth's invitation to reconsider that decision.

*Byrd, supra,* 490 Pa. at 555 n. 6, 417 A.2d at 178–79 n. 6. We are convinced, based on the reasoning by Justice Roberts, had the *Byrd* Court chosen to address the issue presently before this Court our Supreme Court would have found appellant is entitled to no relief. It stands to reason if a subsequent acquittal of one co-conspirator does not disturb a prior conviction of his co-conspirator, a prior acquittal of a co-conspirator does not automatically afford relief to the defendant/co-conspirator yet to be tried. We hold, therefore, the prior acquittal of a sole co-conspirator in a separate trial does not preclude finding the subsequently tried co-conspirator guilty of conspiracy. Accordingly, we find the trial court did not abuse its discretion by denying

appellant's motion for a directed verdict on the charge of criminal conspiracy.

Next, appellant argues the Commonwealth failed to provide a sufficient explanation for using a peremptory challenge to strike a black person from the venire, and the court erred by failing to conduct a full evidentiary hearing to determine whether the challenge was racially motivated. Appellant notes he is black and the victim is white.

An appellate court will reverse a trial court's finding of no discrimination in the jury selection process only if that finding is clearly erroneous. *Commonwealth v. Jackson,* 386 Pa.Super. 29, 562 A.2d 338 (1989), *alloc. denied,* 525 Pa. 631, 578 A.2d 926 (1990). The primary function of a peremptory challenge is to allow parties to strike prospective jurors whom they have good reason to believe might be biased but who are not so clearly and obviously partial they could otherwise be excluded from the panel. *Id.* In assessing the legitimacy of a peremptory challenge and the reasonableness of the prosecutor's explanation the trial court must view the totality of the circumstances. *Commonwealth v. Weaver,* 390 Pa.Super. 434, 568 A.2d 1252 (1989). Where the defense makes a prima facie case that a prosecutor has exercised a peremptory challenge for racially discriminatory purposes, the burden shifts to the prosecutor to submit a neutral explanation for the use of the challenge. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); *Commonwealth v. Abu–Jamal,* 521 Pa. 188, 555 A.2d 846 (1989). A prima facie case of racially discriminatory jury selection has three elements: 1) the defendant's membership in a cognizable racial group; 2) the prosecutor's use of peremptory strikes to exclude a member of that group; and 3) an inference arising that the prosecutor used strikes to exclude venire persons on account of race. *Weaver, supra.*

The trial court found, based on the totality of the circumstances, the defense established a prima facie showing of discrimination, and conducted a hearing in its cham-

bers wherein the burden was placed on the Commonwealth to establish its use of a peremptory strike to remove the only black person available for jury duty was not racially motivated. Although this Court does not agree with the trial court's finding the defense established a prima facie case of discrimination, our disagreement is immaterial in that we find the Commonwealth successfully justified its decision to strike the sole black prospective juror. When defense counsel objected to the prosecution's challenge, the Commonwealth explained the challenge was not exercised for racial considerations but on the basis of the venire person's occupation as a drug counselor and her possible liberal bias and tolerance toward the offenses committed by appellant, as well as a counselor's inclination to accept representations or explanations made by individuals with whom they deal (N.T., 5/21/90, p. 2). The court accepted the Commonwealth's explanation as a good faith reason and added it had had, on prior occasions, many opportunities to observe this particular prosecutor and had never observed "the slightest hint of discriminatory behavior nor, of course, would we have permitted it." (Slip Op., Fischer, J., 7/11/90, p. 2.)

Based on the totality of the circumstances we find all appellant's arguments attacking the Commonwealth's use of a peremptory challenge to strike the only black venire person devoid of merit.

█ Appellant's next argument contends the court erred by denying his request for a cautionary charge in accordance with *Commonwealth v. Kloiber,* 378 Pa. 412, 106 A.2d 820 (1954), *cert. denied,* 348 U.S. 875, 75 S.Ct. 112, 99 L.Ed. 688 (1954); Pa.SSJI (Crim) 407.1 Identification testimony. The *Kloiber* instruction "is appropriate where the witness was not in a position to clearly observe the assailant or the identification is weakened by witness's failure to identify the defendant on one or more occasions." *Id.; Commonwealth v. Lee,* 401 Pa.Super. 591, 585 A.2d 1084 (1991). The facts reveal the victim was attacked by appellant and his brother in the victim's well-lit kitchen. The victim testified

he was within two to three feet of appellant and his brother at all times, and the assailants had nothing covering their faces. The victim contends he had an unobstructed view of his assailants for three to five minutes before his glasses were removed and he was pistol whipped on his head. Although in his statement to the police given shortly after this ferocious beating the victim gave only a sketchy description of his assailants and, concededly, doubted his ability to identify them at a future date, when confronted with the defendants at the preliminary hearing, appellant unequivocally identified each defendant and his role in the attack. At trial the victim also positively identified the appellant as one of his attackers. We agree with the trial court's finding the circumstances surrounding the victim's identification of the appellant did not warrant a *Kloiber* instruction. The victim's identification of his assailants was strong and sure. He had ample time to observe them in a well-lit room. The victim's inability to provide a detailed description of his attackers immediately following a severe beating is of no consequence. Appellant's argument the court erred by denying his charge for a *Kloiber* instruction is without merit.

Phillips' fourth argument on appeal alleges the court erred and abused its discretion by refusing his request for an accomplice charge with respect to Leander Speed. Testimony presented indicated Speed accompanied the brothers to the victim's house, waited in the car for them to return and then fled the scene. Appellant argues this evidence gives rise to an inference Speed was an accomplice and, accordingly, the jury should have been instructed to receive the testimony with caution.

An accomplice charge or instruction is warranted when the evidence produced at trial either requires or permits a reasonable inference the witness participated in the crime charged. *Commonwealth v. Franklin*, 397 Pa.Super. 265, 580 A.2d 25 (1990). An accomplice charge is not warranted if evidence indicates witness was unaware a crime was underway and did not actually participate in the

crime as it was occurring. *Id.* An accessory after the fact is not an accomplice for purposes of the accomplice jury instruction. *Commonwealth v. Richey*, 249 Pa.Super. 365, 378 A.2d 338 (1977). In essence, an accomplice instruction is only warranted when the evidence shows the witness was an active partner in the intent to commit the crime. *Commonwealth v. Brady*, 385 Pa.Super. 279, 560 A.2d 802 (1989).

Speed had been charged as a co-conspirator but entered a plea bargain pleading guilty to receiving stolen property and conspiring to receive stolen property. After entering his plea, Speed cooperated with and testified on behalf of the Commonwealth. Speed testified he had been acquainted with appellant and his brother approximately four to five weeks prior to the evening Norman Musset was attacked in his home. On that night, after meeting the Phillips' brothers at a local bar, the three men began "riding around" in Speed's Chevrolet Vega with Speed at the wheel (N.T., 5/22/90, pp. 59–60). As they drove around town, the trio discussed going to a friend's house to secure some money to buy beer. The discussion was initiated by Anthony Phillips who instructed Speed where to pull over and park. At that point appellant and his brother exited the car and Speed fell asleep, due largely to the facts he had arisen at 6:30 a.m., worked most of the day and had recently consumed alcohol. Speed testified he was unaware of the brothers' nefarious and criminal actions until such time as the brothers returned to the car screaming at Speed to drive away quickly. In his haste to leave the scene Speed struck a parked car then drove the brothers to appellant's girl friend's house, observed the brothers emptying the bank stolen from the victim's residence and again fell asleep. Speed contends he did not share in the stolen money. Three days later Speed was contacted by the police concerning the hit and run and thereafter cooperated with the police in connection with this investigation.

We agree with the trial court's finding Speed had no prior knowledge the appellant was planning to commit a robbery

and did not voluntarily and knowingly cooperate with appellant and his brother to commit the crime. At best, Speed's involvement in the crime was that of an accessory after the fact not warranting a charge on accomplice liability. *See Richey, supra.* Under the facts presented, we hold the trial court did not err by denying appellant's request for an accomplice instruction.

 Appellant's next argument alleges the court abused its discretion by imposing a manifestly excessive and unreasonable sentence which fell beyond the aggravated range of the sentencing guidelines. This Court has consistently held only issues specifically raised in post-verdict motions will be preserved for appeal. *Hreha v. Benscoter,* 381 Pa.Super. 556, 554 A.2d 525 (1989), *alloc. denied,* 524 Pa. 608, 569 A.2d 1367 (1989). Those issues raised for the first time in appellate briefs will not be considered. *Id.* Where a defendant is ordered to file a concise statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b), and fails to raise a particular matter within that statement, the defendant is deemed to have waived that point of error on appeal. *Commonwealth v. Warren,* 332 Pa.Super. 410, 481 A.2d 681 (1984); Pa. R.A.P. 1925(b). The inclusion of claims regarding sentencing are especially important since the court's reasoning regarding the sentence must be reviewed by the appellate court. *See Commonwealth v. Mueller,* 341 Pa.Super. 273, 491 A.2d 258 (1985). The failure to preserve an issue on appeal will be excused only when a strong public interest outweighs the need to protect the judicial system from improperly preserved issues. *Klein v. Employees' Retirement System,* 521 Pa. 330, 555 A.2d 1216 (1989).

 In the case before us appellant failed to set forth any claims regarding the propriety of the sentence imposed in either his post-trial motions or his 1925(b) statement. Therefore, we dismiss this issue without further discussion.

Appellant's final argument on appeal alleges trial counsel was ineffective for failing to challenge the Commonwealth's

use of a peremptory strike to eliminate the only black venire person, failing to preserve for appeal the issue of a manifestly excessive sentence and failing to produce alibi witnesses.

In deciding whether trial counsel was ineffective we first must determine whether the underlying claim has merit. If not, our inquiry ceases as counsel will not be deemed ineffective for failing to pursue an issue devoid of merit. If, however, the claim possesses merit, we must determine whether counsel's course of action had a reasonable basis designed to effectuate his client's interest. Lastly, appellant must demonstrate how counsel's actions prejudiced him. *Commonwealth v. Tressler*, 526 Pa. 139, 584 A.2d 930 (1990); *Commonwealth v. McConnell*, 404 Pa.Super. 439, 591 A.2d 288 (1991), *reargument denied*, June 21, 1991.

Along with his allegation counsel was ineffective for failing to challenge the Commonwealth's peremptory strike, appellant argues counsel erred by failing to ensure the voir dire proceedings were recorded so as to create a record subject to review, and by failing to insist on a full evidentiary hearing on the issue of discrimination in the jury selection process.

As the record reflects, counsel did object to the Commonwealth's peremptory strike and, therefore, appellant's first allegation will be dismissed without further discussion. With regard to the other two issues we find trial counsel's actions were designed to effectuate her client's best interests and provide a fair and impartial jury. Trial counsel raised a timely objection to the prosecutor's use of the peremptory challenge and the prosecutor was thereafter required to provide the court with an explanation for his challenge. The record reflects defense counsel vigorously argued the appellant's position and requested the challenge be set aside (N.T., 5/21/90, pp. 2–4). However, after conducting a full hearing in its chambers, the court determined the prosecution's challenge was for neu-

tral reasons and was not racially motivated. We find appellant's ineffectiveness of counsel arguments with regard to the jury selection process to be devoid of merit.

Appellant also argues counsel was ineffective for failing to preserve for this Court's review the discretionary aspects of his sentence. Appellant contends the court erred when it deviated from the sentencing guidelines without supplying a comprehensive statement of reasons for such deviation. Bearing in mind the three-part test for ineffective assistance of counsel, we must first determine whether the court committed reversible error by deviating from the sentencing guidelines without setting forth specific aggravating factors and sufficient reasons to support the sentence.

Sentencing is a matter within the sound discretion of the trial court and will not be disturbed unless it is outside the statutory limits or manifestly excessive so as to inflict too severe a punishment. *Commonwealth v. Gee,* 394 Pa.Super. 277, 575 A.2d 628 (1990). When a trial judge deviates from the guidelines, he must set forth on the record, at sentencing, in the defendant's presence, the permissible range of sentences under the guidelines and, at least in summary form, the factual basis and specific reasons which compelled the court to deviate from the sentencing range. *Commonwealth v. Royer,* 328 Pa.Super. 60, 476 A.2d 453 (1984). Where the statement shows consideration of the defendant's circumstances, prior criminal record, personal characteristics and rehabilitative potential, and the record indicates the court had the benefit of a presentencing report, an adequate statement of the reasons for the sentence imposed has been given. *See Commonwealth v. Fenton,* 388 Pa.Super. 538, 566 A.2d 260 (1989), *alloc. denied,* 525 Pa. 662, 583 A.2d 792 (1990). Our Supreme Court has stated where a presentence report exists, the appellate courts will presume the sentencing court was aware of any and all relevant information contained in the report and weighed those considerations along with all mitigating factors. *Commonwealth v. Devers,* 519 Pa. 88, 546 A.2d 12 (1988). In considering whether a sentence was

manifestly excessive we must give great weight to the sentencing judge's discretion as he is in the best position to measure various factors such as the nature of the crime, the defendant's character, and his displays of remorse, defiance or indifference. *Commonwealth v. Anderson,* 381 Pa.Super. 1, 552 A.2d 1064 (1988), *alloc. denied,* 524 Pa. 616, 571 A.2d 379 (1989).

Appellant was sentenced as follows:

| | |
|---|---|
| Robbery: | 10 to 20 years |
| Aggravated Assault: | 5 to 10 years |
| Conspiracy: | 5 years probation |

All sentences were to run consecutively to each other and to the other sentences then being served by appellant for unrelated crimes. The aggravated ranges for the crimes were 76 to 104 months, 12 to 18 months and 12 to 18 months,[4] respectively. In imposing sentence the court considered the presentence report which reflected appellant's serious adult criminal record dating back to 1977 and including felony offenses. The court also noted appellant had spent nearly all his adult life in confinement, had only recently been released prior to committing this crime and there appeared to be little prospect appellant would change his behavior if allowed to return to the community. The court indicated it had been lenient in the past in dealing with appellant but to no avail. The seriousness of appellant's crimes and the fact the victim could very easily have been more seriously injured by appellant's unprovoked attack were also factors considered by the court. The court's desire and need to protect the community and the court's intolerance for appellant's outrageous behavior weighed heavily in the court's decision to impose a sentence outside the guidelines.

Based on our thorough review of the sentencing transcript we find the court did not abuse its discretion but imposed a sentence which was both reasonable and proper

---

4. We note the five-year probation sentence entered for aggravated assault was well below the mitigated guideline range of two to four years imprisonment. Therefore, we will not address this part of appellant's argument.

under the circumstances. Accordingly, there is no merit to the claim underlying appellant's ineffective assistance of counsel argument and, accordingly, the ineffectiveness claim is likewise without merit.

Appellant's last ineffective assistance of counsel claim contends trial counsel was ineffective by failing to locate, prepare and present three witnesses who would have testified he was playing cards with them the night of the offense and, therefore, could not have been the assailant. Appellant argues he should now be afforded an evidentiary hearing to have counsel explain her reasons for failing to present the witnesses.

In order to successfully set forth a claim of ineffectiveness of counsel for failure to call or investigate a potential witness, an appellant must establish four essential points of information. First, he must identify the alleged witnesses. Second, he must demonstrate defense counsel knew of the existence of those witnesses prior to the time of trial. Third, he must demonstrate the witnesses would have provided material evidence at the time of trial. And fourth, the appellant must establish the manner in which the witnesses would have been helpful to his case. *Commonwealth v. Weinder*, 395 Pa.Super. 608, 577 A.2d 1364 (1990). Where it is clear that the allegations against defense counsel are baseless or without merit an evidentiary hearing is unnecessary. *See Commonwealth v. Egan*, 335 Pa.Super. 474, 484 A.2d 802 (1984). Here the record reveals appellant has failed to satisfy the above-mentioned requirements. Appellant has provided no evidence counsel was aware of these witnesses or that they were available to testify. In fact, when given an opportunity to speak on his behalf prior to sentencing, appellant delineated four points of alleged trial error and mishandling of his case by defense counsel but failed to mention the alibi witnesses he now contends counsel ignored. Also, when invited by the court to make a statement specifically addressing his participation in the crime, appellant maintained his innocence but once again forwent the opportunity to mention the alleged wit-

nesses and/or voice his dissatisfaction with counsel's failure to call those witnesses upon his request. Finally, in light of the overwhelming evidence produced at trial corroborating appellant's participation in the crimes, not limited to the identification of the appellant by the victim and the testimony of Leander Speed, we find the absence of any such alibi testimony if, in fact, it existed, did not prejudice appellant so as to grant him a new trial. We find appellant's argument counsel was ineffective for failing to call the alleged alibi witnesses devoid of merit.

Based on the foregoing reasons of law and fact we affirm the June 28, 1990 judgment of sentence of 15 to 30 years imprisonment.

Judgment of sentence affirmed.

BECK, J., concurs in the result.