611 A.2d 291

COMMONWEALTH of Pennsylvania

v.

Elizabeth HATCH, Appellant.

Superior Court of Pennsylvania.

Submitted June 15, 1992.

Filed July 22, 1992.

Terry Despoy, Altoona, for appellant.

Ilissa Zimmerman, Asst. Dist. Atty., Duncansville, for Com., appellee.

Before TAMILIA, KELLY and MONTGOMERY, JJ.

TAMILIA, Judge.

Elizabeth Hatch appeals the judgment of sentence entered August 16, 1991 after a jury found her guilty of two counts of conspiracy,[1] one count of possession of a controlled substance [2] and one count of delivery of a controlled substance.[3] The court sentenced appellant to a total prison term of nineteen (19) to thirty-eight (38) months.

The charges against appellant stemmed from two separate incidents. On April 5, 1990, appellant and co-conspirator Daniel T. Bowers sold marijuana to a police informant. Less than three weeks later on April 24th, they allegedly sold ten grams of hashish to an informant. In June of 1991, the appellant was convicted by a jury of the charges subject of this appeal. Prior to appellant's trial, however,

1. 18 Pa.C.S. § 903.
2. 35 P.S. § 780–113(a)(31).
3. *Id.,* § 780–113(a)(30).

in exchange for a plea of guilty to two counts of violating the Controlled Substance Act, the Commonwealth nolle prossed the charge of conspiracy against Bowers on April 9, 1991.

■ Appellant first contends the trial court erred in denying her demurrer on the charge of conspiracy. Citing *Commonwealth v. Campbell*, 257 Pa.Super. 160, 390 A.2d 761 (1978), *aff'd*, 484 Pa. 387, 399 A.2d 130 (1979), she argues the charge of conspiracy should be dismissed since Bowers' nolle prosse was equivalent to an acquittal and since Bowers was her only-co-conspirator. We disagree. In *Commonwealth v. Phillips*, 411 Pa.Super. 329, 601 A.2d 816 (1992), this Court, in finding the *Phillips* trial court properly denied appellant's motion for a directed verdict as to criminal conspiracy, specifically held "the prior acquittal of a sole co-conspirator in a separate trial does not preclude finding the subsequently tried co-conspirator guilty of conspiracy." *Id.*, 411 Pa.Superior Ct. at 337, 601 A.2d at 820. In reaching our decision in *Phillips* this Court carefully considered and discussed *Campbell* as well as *Commonwealth v. Byrd*, 490 Pa. 544, 417 A.2d 173 (1980), in which our Supreme Court found a valid conviction for conspiracy will not be disturbed by a *subsequent* acquittal at separate trials of all alleged conspirators. The *Byrd* Court in its analysis cited *United States v. Koritan*, 283 F.2d 516 (3rd Cir.1960), *aff'g*, 182 F.Supp. 143 (E.D.Pa.), for the proposition "that [the fact] the prosecution has *nolle prossed* charges against one or all of the others indicted is equally insufficient to afford a single convicted conspirator any relief." *Byrd, supra*, 490 Pa. at 551, 417 A.2d at 177. Although the *Byrd* Court declined to specifically reconsider the situation in *Campbell*, that is, where the co-conspirator was acquitted *before* appellant came to trial, in *Phillips* we stated "[w]e are convinced ... had the *Byrd* Court chosen to address the issue presently before this Court our Supreme Court would have found appellant is entitled to no relief." *Phillips, supra*, 411 Pa.Superior Ct. at 337, 601 A.2d at 820. We now hold that in situations such as this,

where a charge against one co-conspirator is nolle prossed prior to another co-conspirator's trial, the result is the same as in *Byrd* and *Phillips* and the co-conspirator-appellant is not entitled to relief. "An acquittal at any trial [here a nolle prosse] is never a guarantee that no crime has been committed." *Byrd, supra*, 490 Pa. at 552, 417 A.2d at 177. It follows that under circumstances such as those present in this case, the nolle prosse on one count in exchange for a guilty plea on other counts compels no finding on the merits of the conspiracy charge as to the co-conspirator who is subsequently tried. Accordingly, we find no merit to appellant's first argument.

Appellant also argues the evidence was insufficient to convict her of possession and possession with intent to deliver in connection with the April 24, 1990 incident.

> In reviewing the sufficiency of the evidence, we must determine whether the evidence, and all reasonable inferences deducible therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all the elements of the crime(s) beyond a reasonable doubt. This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. McCullum*, 529 Pa. 117, 123, 602 A.2d 313, 316 (1992) (citations omitted).

■ The evidence reveals an undercover officer handed $140 to appellant for the purchase of the hashish and appellant placed the money in her pocket. Several hours later, co-conspirator Bowers and appellant met with the officer and informant and Bowers handed the informant the drugs. One of the elements of the crime of "possession with intent to deliver" is that the defendant maintain actual or constructive possession of the substance. Here, there was sufficient evidence for the jury to find appellant was in constructive control of the drugs during the course of the transaction. Appellant cites *Commonwealth v. Warren*, 298 Pa.Super. 349, 444 A.2d 1209 (1982), which we find to be inapplicable to this case. In *Warren*, the court discussed

situations where the defendant handled neither the money nor the drugs during the transaction. *Id.*, 298 Pa.Superior Ct. at 356–58, 444 A.2d at 1213. Here, not only did appellant handle the money, but she went back with her partner, got the drugs and sat next to her partner as he handed the drugs to the buyer.

Based upon the foregoing discussion, we affirm the judgment of sentence.

Judgment of sentence affirmed.