J-S27024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSHUA SCOTT SCHAUER, | |
| Appellant | No. 722 MDA 2015 |

Appeal from the Judgment of Sentence March 18, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000761-2012

BEFORE:  SHOGAN, J., DUBOW, J., and STEVENS, P.J.E.*

DISSENTING MEMORANDUM BY STEVENS, P.J.E.:     **FILED JULY 28, 2016**

I respectfully disagree with the esteemed Majority that Appellant, Joshua Scott Schauer, is entitled to relief with regard to his discretionary aspects of sentencing claim.  The Honorable Samuel A. Kline sufficiently set forth the reasons for the imposition of Appellant's sentence, made a fully informed, individualized sentencing decision, and did not abuse his discretion.  Accordingly, I dissent.

Following Appellant's conviction on drug-related charges, Judge Kline imposed a sentence, which included a mandatory minimum sentence pursuant to 18 Pa.C.S.A. § 6317, drug-free school zone.  On appeal, this Court held the sentence was improper in light of the U.S. Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), which

_____
*Former Justice specially assigned to the Superior Court.

rendered Section 6317 unconstitutional, and thus, this Court vacated the sentence and remanded for resentencing.

Following the imposition of a new sentence, Appellant filed the instant appeal presenting a challenge to the discretionary aspects of his sentence. Specifically, Appellant alleges Judge Kline abused his discretion in sentencing Appellant to time served (eighteen months) to ten years in prison since he failed to articulate his reasons for resentencing Appellant in the standard range. Unlike the Majority, for the following reasons, I conclude Appellant is not entitled to relief.

At the initial sentencing hearing on June 26, 2013, Judge Kline acknowledged receipt of Appellant's pre-sentence investigation report and set forth Appellant's prior criminal history. N.T., 6/26/13, at 2-3. Judge Kline indicated he was "well familiar" with Appellant from an incident where a person almost died from a heroin overdose and Appellant was present at the scene. *Id.* at 8. Judge Kline heard from a defense character witness, Appellant's mother, who informed the Judge about Appellant's volunteer activities, his counseling efforts, and the severe abuse he suffered at the hands of his father. *Id.* at 6-7. Additionally, Judge Kline heard from defense counsel, who informed the Judge that Appellant was enrolled in an engineering program and has put in more than 500 hours of volunteer service. *Id.* at 9. Defense counsel admitted that Appellant is a drug addict and has gotten many "breaks in the past," to which Judge Kline replied,

"[He] [s]ure has." *Id.* Furthermore, Judge Kline heard from Appellant, who admitted he has made "bad decisions[,[]" *Id.* at 11, and from the district attorney, who set forth the sentencing guideline ranges. *Id.* at 12.

At the conclusion of the initial sentencing hearing, Judge Kline set forth a detailed statement of Appellant's case and the reasons for the imposition of his sentence, including the fact Appellant's sentence had to be "structured to address the continued abuse of drugs, and quite frankly protect society." *Id.* at 13. Judge Kline then imposed the following sentence: Count I-PWID[1]-two years to ten years in prison, with RRRI eligibility at eighteen months; Count II-criminal conspiracy[2]-one year to ten years in prison, with RRRI eligibility at nine months (concurrent to Count I); Count III-criminal use of a communication facility[3]-one year to seven years in prison (concurrent to Count I); and Count IV-criminal conspiracy[4]-one year to seven years in prison (concurrent to Count I). As indicated *supra*, the sentence included a mandatory minimum sentence pursuant to Section 6317.

Appellant appealed and began serving his initial sentence. In December 2014, Appellant was released on parole after serving eighteen

---

[1] Possession with the intent to deliver a controlled substance ("PWID"), 35 P.S. § 780-113(a)(30).
[2] 18 Pa.C.S.A. § 903.
[3] 18 Pa.C.S.A. § 7512(a).
[4] 18 Pa.C.S.A. § 903.

months in prison and, on February 24, 2015, a panel of this Court vacated and remanded for resentencing as a result of *Alleyne*.

Upon remand, Judge Kline presided over Appellant's resentencing hearing. At the hearing, defense counsel reminded Judge Kline about the background of Appellant's case, including the charges for which he was convicted and the fact Appellant "is now here for a resentencing on the issue of constitutional fault in the mandatory minimum sentence." N.T., 3/18/15, at 2. Defense counsel waived a recitation of the facts underlying Appellant's convictions and informed Judge Kline that Appellant was on parole, having served eighteen months in prison. *Id.*

Judge Kline indicated, "[Appellant] is, as a practical matter, within the range. He's already more than done enough time for the minimum. It's a perfunctory mater with the sentencing; is that correct?" *Id.* Defense counsel agreed with Judge Kline. *Id.*

Defense counsel then shared with Judge Kline that Appellant "had [a] successful stay in the state correctional facility." *Id.* In this regard, defense counsel indicated Appellant completed anger management courses, he attended 360 out of 364 sessions in the drug and alcohol program, and he received therapeutic treatment. *Id.* at 3. Defense counsel noted Appellant's prison counselor indicated Appellant made progress in identifying his "various emotions and realizing how they were related to his addiction and criminal behavior." *Id.* The counselor further noted Appellant developed

new coping skills to deal with his emotions, and he has a plan to maintain his recovery outside of prison. *Id.*

Additionally, defense counsel informed Judge Kline that Appellant "has voluntarily sought outpatient counseling and continues to contend with his issues, which he has been able to successfully manage so far." *Id.* at 3-4. Defense counsel indicated Appellant's state parole officer was "complimentary" of Appellant, indicating he has had no adjustment difficulties. *Id.* at 4. Defense counsel requested that Appellant "be off supervision as soon as possible [as Appellant would] like to pursue employment with a potential job. . .available to him in Texas." *Id.*

Judge Kline asked Appellant if he would like to make a statement, to which Appellant responded negatively. *Id.* Judge Kline then indicated the case "was remanded on an issue of a mandatory. . .[The Superior Court] basically just said, okay, the two year mandatory is not permissible." *Id.* at 4-5. Judge Kline noted he read the case law and the Superior Court's decision carefully. As a result, Judge Kline said, "So what I'm going to do is just a technical resentencing. It's the same thing only we'll just do time served and he's immediately released on parole. All the other conditions will remain the same as they would have previously been imposed." *Id.* at 5. Appellant did not object, and the sentencing hearing concluded.

The subsequent written sentencing order indicated: Count I-PWID- time served to ten years in prison, with RRRI eligibility at eighteen months;

Count II-criminal conspiracy-one year to ten years in prison, with RRRI eligibility at nine months (concurrent to Count I); Count III-criminal use of a communication facility-one year to seven years in prison (concurrent to Count I); and Count IV-criminal conspiracy-one year to seven years in prison, with RRRI eligibility at nine months (concurrent to Count I). The written sentencing order specifically indicated that "[s]ince [Appellant] has served the minimum, he is immediately released on parole." Trial Court Order, filed 3/23/15.

As indicated *supra*, Appellant now alleges in the instant appeal that Judge Kline abused his discretion in sentencing Appellant to time served (eighteen months) to ten years in prison. In this vein, Appellant contends Judge Kline erred in failing to articulate his reasons for resentencing Appellant in the standard range. ***Id.***

It is well settled that "sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." ***Commonwealth v. Ritchey***, 779 A.2d 1183, 1185 (Pa.Super. 2001) (citation omitted). Moreover, there is no automatic right to appeal with regard to challenges to the discretionary aspects of sentencing. ***Id.***

> A four-pronged analysis is required before the Pennsylvania Superior Court will review the merits of a challenge to the discretionary aspects of a sentence. Those prongs are: (1) whether the appellant has filed a timely notice of appeal, Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify

sentence, Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Commonwealth v. Hyland***, 875 A.2d 1175, 1183 (Pa.Super. 2005).

Initially, with regard to prong one, I agree with the Majority that Appellant's instant appeal is untimely; however, I further agree that we should overlook the untimeliness in light of the trial court's failure to advise Appellant of his post-sentence and appellate rights. Similarly, with regard to prong two, due to the trial court's failure to advise Appellant, it is appropriate for this Court to overlook Appellant's failure to preserve his discretionary aspects of sentencing claims in a post-sentence motion. As to prongs three and four, Appellant included a separate Rule 2119(f) statement in his brief, and the issue raised therein presents a substantial question, thus invoking our appellate jurisdiction to review his sentencing claim. ***See Commonwealth v. Eline***, 940 A.2d 421 (Pa.Super. 2007) (holding claim court did not state adequate reasons on the record for the imposition of sentence presents substantial question). However, in reviewing the totality of this case, unlike the Majority, I conclude Appellant's issue is meritless.

With regard to Appellant's specific issue, whether Judge Kline set forth a sufficient statement of the reasons for the sentence imposed, an *en banc* panel of this Court has set forth the following relevant legal precepts:

The Supreme Court of Pennsylvania has outlined the standard which governs whether a sentencing court has properly stated its reasons for imposing sentence. . .:

> Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself.... Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.
>
> *Commonwealth v. Devers*, 519 Pa. 88, 101-102, 546 A.2d 12, 18 (1988). Therefore, this requirement is met if the court states on the record that it has consulted a pre-sentence report. *Id.*
>
> ***
>
> Moreover, when reviewing sentencing matters, we must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime. *Commonwealth v. Clever*, 576 A.2d 1108, 1110 (Pa.Super. 1990). Where the court's sentencing colloquy "shows consideration of the defendant's circumstances, prior criminal record, personal characteristics and rehabilitative potential, and the record indicates that the court had the benefit of the presentence report, an adequate statement of the reasons for the sentence imposed has been given." *Commonwealth v. Phillips*, 601 A.2d 816, 823-24 (Pa.Super. 1992) (citations omitted).

*Commonwealth v. Brown*, 741 A.2d 726, 735-36 (Pa.Super. 1999) (*en banc*).

In the case *sub judice*, the record reveals Judge Kline was aware of Appellant's circumstances, prior criminal history, personal characteristics, and rehabilitative potential. Moreover, Judge Kline acknowledged at Appellant's initial sentencing hearing that he had reviewed Appellant's pre-sentence investigation report, and at the resentencing hearing, defense counsel provided Judge Kline with information pertaining to Appellant's progress in prison and on parole. Furthermore, during the resentencing

- 8 -

hearing, Judge Kline stated that he had reviewed this Court's decision and was fully aware of the reason for the remand. Judge Kline then specifically indicated that, in resentencing Appellant, he was not going to consider Section 6317's mandatory minimum since it would be impermissible to do so.

Unlike the Majority, I respectfully conclude that Judge Kline's statements made during the resentencing hearing may not be examined in a vacuum; but rather, his statements, as well as the imposition of Appellant's new sentence, must be considered in light of the information available to him during the initial sentencing hearing, the reasons for this Court's vacating and remanding the matter, as well as the supplemental information provided to him during the resentencing hearing. Simply put, based on the record, Judge Kline sufficiently set forth the reasons for the imposition of Appellant's new sentence and made a fully informed, individualized sentencing decision. Accordingly, I find no abuse of discretion and would affirm Appellant's judgment of sentence.