J-A22028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| MICHAEL JOHN SETLOCK, JR. | |
| Appellant | No. 183 MDA 2016 |

Appeal from the Judgment of Sentence December 14, 2015
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0001527-2014

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                **FILED NOVEMBER 07, 2016**

Appellant, Michael John Setlock, Jr., appeals from the judgment of sentence entered in the Schuylkill County Court of Common Pleas, Criminal Division, following his jury trial conviction for theft by unlawful taking or disposition and receiving stolen property.[1] We affirm.

On June 3, 2014, Daniel Fanelli, part owner of Fanelli Trucking & Warehousing, reported a missing gold 2001 Ford F-250 company truck that usually was parked in the front parking lot of the establishment. The truck's door handle assembly was found on the ground where the truck had been. An officer took Fanelli's report and later spoke with an employee of a neighboring business. The employee stated that a truck was found

---

[1] 18 Pa.C.S.A. §§ 3921(a), 3925(a), respectively.

abandoned in the alleyway behind the business. The police determined it was the stolen truck and impounded it. Detective Kirk Becker later processed it.

Anne Marie Reedy testified that around the time of June 2014, she and Appellant were in a relationship, though they had been in an on-and-off-again relationship since 2012. On the night of June 2, 2014, Appellant told Reedy that he needed to "make some money"; he arrived at Reedy's house around 11:00 p.m. and asked her to go for a ride with him in an F-250 truck. N.T., Trial, 10/26/16, at 68-69. Reedy testified Appellant did not own a truck, but he often borrowed trucks from his friends, so she entered it. Reedy noticed there were large spools of covered copper wire in the truck bed. Appellant drove to an area where the couple burned the covering off the wire. Once the burning was complete, Appellant drove back to Reedy's house to drop off the burned wire. Appellant requested that Reedy stay with him while he "dump[ed] the truck"; he later disclosed that it belong to Fanelli Trucking & Warehousing. *Id*., at 74-75. These revelations angered Reedy because she realized that the truck was stolen based on Appellant's vernacular and that he had stolen it from her employer. Appellant eventually secured a parking place in an alleyway near Fanelli Trucking & Warehousing to dispose of the truck. Security video of the business that abutted the alleyway captured the truck parking and two individuals exiting it. At trial, Reedy identified herself and Appellant in the video.

For an investigation in another case, Detective Becker arrested Appellant and Reedy. Detective Becker interviewed Reedy, and she provided him with information relating to Appellant and the events that occurred on June 2, 2014.

The Commonwealth filed a criminal information against Appellant charging him with theft by unlawful taking or disposition and receiving stolen property. Appellant waived his right to an arraignment and entered a plea of "not guilty." A jury trial was held on October 26, 2015, and the jury convicted Appellant of those charges. On December 14, 2015, the court sentenced Appellant to 1½ to 3 years' imprisonment, followed by 4 years' probation; to pay restitution to Fanelli Trucking & Warehousing and Bethlehem Regional Crime Laboratory; and to pay prosecution fees and costs. Appellant filed a post-sentence motion on December 22, 2015. The court denied Appellant relief. Appellant then filed a timely notice of appeal.

Appellant raises three issues for our review:

DID THE TRIAL COURT ERR AND COMMIT AN ABUSE OF DISCRETION WHEN IT DETERMINED THAT THE EVIDENCE ESTABLISHED AT TRIAL WAS SUFFICIENT AS A MATTER OF LAW TO SUPPORT A FINDING OF GUILT ON ALL COUNTS CHARGED?

DID THE TRIAL COURT COMMIT AN ABUSE OF DISCRETION WHEN IT DETERMINED THAT THE VERDICT WAS NOT AGAINST THE WEIGHT OF THE EVIDENCE?

DID THE TRIAL COURT ERR AND COMMIT AN ABUSE OF DISCRETION WHEN IT FAILED TO GIVE STANDARD JURY INSTRUCTION § 4.01 ACCOMPLICE TESTIMONY, SINCE THE RECORD SHOWS THAT [REEDY] WAS AN ACCOMPLICE AND THE

FAILURE TO GIVE THE INSTRUCTION PREJUDICED [APPELLANT]?

Appellant's Brief at 4.[2]

Appellant first challenges the sufficiency of the evidence. A challenge to the sufficiency of evidence implicates the following principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa. Super. 2011) (citations omitted) (emphasis added).

A person is guilty of theft by unlawful taking if "he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). A person is guilty of receiving

---

[2] For ease of disposition, we have rearranged Appellant's issues.

stolen property if "he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S.A. § 3925(a).

Appellant argues the Commonwealth failed to present sufficient evidence to establish each of the elements of his convictions because the Commonwealth's case relied almost solely on Reedy's testimony, which Appellant claims was incredible. Appellant emphasizes that Reedy intended to use her testimony against Appellant as leverage to force him to commit to a relationship with her or at least place Appellant in a position where he needed her to clear him of the charges. Upon being questioned by Detective Becker and once Reedy involved herself in the incident, Appellant complains she accused Appellant of being the primary perpetrator. Appellant avers Detective Becker subsequently relied on Reedy's statement without more in bringing charges against Appellant, and not her, and Reedy's testimony is the only evidence that implicates him in the crime.

The trial court addressed this issues as follows:

A 2001 Ford F-250 truck owned by [Fanelli Trucking & Warehousing] was found missing on June 3, 2014. Police called the business following the discovery of the theft [and] found the truck's door handle assembly on the ground where the then missing truck had been. When the vehicle was recovered about two days later . . . it was found to have a broken steering column. A recording from a video camera near the site where the truck was recovered depicted two persons exiting the vehicle and departing from the location.

[Reedy] testified that she and [Appellant] had been boyfriend/girlfriend on and off since 2012 and that she had been in a relationship with [Appellant] in early June 2014. [On t]he evening of June 2, 2014, [Appellant] had left, but later returned to Reedy's home at about 11:00 p.m. He asked her to go for a ride with him. She did. Although [Appellant] was operating a Ford pick-up truck and did not own a truck, Reedy knew that he had many friends and borrowed vehicles. Unbeknownst to Reedy at the time, [however,] the truck [Appellant] possessed belonged to [Fanelli Trucking & Warehousing].

[Appellant] and Reedy traveled about ten miles to Dark Water where they built a fire and burned covering from wire that [Appellant] had in the truck. After the coating was burned, they returned to the building where Reedy resided and [Appellant] put the exposed copper wire by the home. Although Reedy desired to go in her residence. [Appellant] said he wanted her to stay with him to "dump the truck." By [Appellant's] statement, Reedy "kind of knew" that the truck was stolen. Reedy "was mad" because [Appellant] then told her that it was her boss's truck and she believed she "could now get in trouble for being in a stolen vehicle." Reedy rode with [Appellant] a short distance until he parked the vehicle. During trial, Reedy viewed the video recording obtained by police from the camera by the parking lot where the vehicle was recovered and identified [Appellant] as the driver and herself as the passenger depicted in, and then, exiting the vehicle.

The testimony offered by Reedy, together with that of the victim, the investigating police officer (Detective Kirk Becker), and the exhibited video recording were more than sufficient to sustain the Commonwealth's burden relative to the identity of [Appellant] as the perpetrator of the crimes.

Trial Court Opinion, filed 3/15/16, at 3-4 (internal citations omitted). The record supports the trial court's reasoning. Appellant's claim that Reedy's testimony was incredible was obviously rejected by the members of the jury who were the *sole* judges of credibility at trial.

Appellant next contends the Commonwealth's reliance on Reedy's testimony, given the facts and circumstances set forth above, establishes that the verdict was against the weight of the evidence.

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003) (internal citations omitted).

> When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review.

*Commonwealth v. Gibbs*, 981 A.2d 274, 282 (Pa. Super. 2009) (internal quotes and citations omitted).

The trial court did not abuse its discretion in rejecting Appellant's claim that the verdict was against the weight of the evidence.

In his final issue, Appellant maintains the trial court improperly refused to give an accomplice jury instruction, given that Reedy's testimony indicates she participated in disposing of the truck. Appellant submits he was prejudiced by the court's refusal because her testimony was the only

evidence that tied Appellant to the crime. Appellant concludes he should be released from custody or granted a new trial with a direction to the trial court that an accomplice instruction be given. We disagree.

"[O]ur standard of review when considering the denial of jury instructions is one of deference—an appellate court will reverse a court's decision only when it abused its discretion or committed an error of law." *Commonwealth v. Galvin*, 985 A.2d 783, 788–89 (Pa. 2009) (citation omitted). Specifically,

> [i]n reviewing a challenge to the trial court's refusal to give a specific jury instruction, it is the function of this Court to determine whether the record supports the trial court's decision. In examining the propriety of the instructions a trial court presents to a jury, our scope of review is to determine whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case. A jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue. A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions. The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the Appellant was prejudiced by that refusal.

*Commonwealth v. Sandusky*, 77 A.3d 663, 667 (Pa.Super. 2013) (quoting *Commonwealth v. Thomas*, 904 A.2d 964, 970 (Pa.Super. 2006) (internal citations, quotation marks, and brackets omitted)).

> An accomplice is one who knowingly and voluntarily cooperates with or aids another in the commission of a crime. To be an accomplice, one must be an active partner in the intent to commit the crime. An accomplice must have done something to

- 8 -

participate in the venture. A showing of mere presence at the scene of a crime is insufficient to support a conviction: evidence indicating participation in the crime is required. Even presence at the scene of a crime in the company of its perpetrator has been held to be insufficient to sustain a conviction.

*Commonwealth v. Brady*, 560 A.2d 802, 805 (Pa.Super. 1989) (internal citations, quotation marks, and brackets omitted).

"An accomplice charge is necessitated not only when the evidence requires an inference that the witness was an accomplice, but also when it permits that inference." *Commonwealth v. Upshur*, 410 A.2d 810, 812 (Pa. 1980). Thus, "[i]f the evidence is sufficient to present a jury question with respect to whether the prosecution's witness was an accomplice, the defendant is entitled to an instruction as to the weight to be given to that witness's testimony." *Commonwealth v. Thomas*, 387 A.2d 820, 822 (Pa. 1978). "Where, however, there is no evidence that would permit the jury to infer that a Commonwealth witness was an accomplice, the court may conclude as a matter of law that he was not an accomplice and may refuse to give the charge." *Commonwealth v. Smith*, 495 A.2d 543, 549 (Pa.Super. 1985). This is so because "[a] trial court is not obliged to instruct a jury upon legal principles which have no applicability to the presented facts. There must be some relationship between the law upon which an instruction is required and the evidence presented at trial." *Commonwealth v. Tervalon*, 345 A.2d 671, 678 (Pa. 1975). Therefore, "an accomplice instruction is only warranted when the evidence shows the witness was an

active partner in the intent to commit the crime." ***Commonwealth v. Phillips***, 601 A.2d 816, 822 (Pa.Super. 1992).

> The trial court found that
>
> there was no evidence that Reedy knowingly and voluntarily cooperated with or aided [Appellant] in the actual commission of either crime…. Although Defendant argued that Reedy, at some point, knew that the vehicle had been stolen, [Appellant] could not identify any proof in the record indicating that Reedy had done any act to aid in the commission of the crimes or that she had the requisite intent to do so.

Trial Court Opinion, filed 3/15/16, at 4-5. Therefore, the trial court refused to instruct the jury on accomplice liability. The record supports the trial court's decision.

The record evidence does not indicate that Reedy possessed the intent to commit either crime warranting an accomplice jury instruction. ***See Smith***, 495 A.2d at 549; ***Phillips***, 601 A.2d at 822. Reedy entered the truck on the assumption that Appellant had borrowed it from a friend because he frequently did that. Reedy went with Appellant to burn copper wire; they dropped the wire off at Reedy's house; and Reedy stayed in the truck, at Appellant's request, while he "dumped" it. At the point of disclosure, Reedy was merely present while the crimes occurred as a passenger in the truck. ***See Brady***, 560 A.2d at 805. Appellant failed to establish that Reedy knowingly and voluntarily cooperated with or aided Appellant in the commission of the truck theft or receipt of the stolen truck. ***See id***.; 18 Pa.C.S.A. §§ 3921(a), 3925(a). Rather, Reedy was angry that she was

- 10 -

present while the events were transpiring. Accordingly, the court properly refused Appellant's request to give an accomplice jury instruction. **See Galvin**, 985 A.2d at 788–89; **Sandusky**, 77 A.3d at 667.

Based on the foregoing, we conclude Appellant's issues are without merit. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/7/2016</u>