J-S58005-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELIJAH ESTES PACELY | : | |
| | : | |
| Appellant | : | No. 61 WDA 2019 |

Appeal from the Judgment of Sentence Entered May 5, 2017
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0003690-2016

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.:                FILED DECEMBER 13, 2019

Elijah Estes Pacely appeals nunc pro tunc from the judgment of sentence entered in the Erie County Court of Common Pleas on May 5, 2017. Pacely contends that the sentencing court failed to give weight to several mitigating factors and also did not provide a legally sufficient statement in support of its imposition of a consecutive sentence. As we find Pacely's first issue does not raise a substantial question and hold that his second issue lacks merit given the existence of a pre-sentence report and on-the-record colloquy at sentencing, we affirm.

Pacely was charged with various offenses stemming from an armed robbery and hostage situation occurring at a Family Dollar store in Erie, Pennsylvania. After his arrest, Pacely entered a negotiated plea wherein he pleaded guilty to robbery, carrying a firearm without a license, and unlawful

restraint.[1] For these offenses, the court sentenced Pacely to an aggregate period of 90 to 180 months of incarceration followed by 60 months of probation. Pacely did not file a post-sentence motion nor did he file a direct appeal.

Approximately one year later, Pacely filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), see 42 Pa.C.S.A. §§ 9541-9546, asserting his counsel was ineffective for not filing a direct appeal. Eventually, the PCRA court reinstated his right to file a post-sentence motion nunc pro tunc, ultimately allowing Pacely to pursue a direct appeal nunc pro tunc.

After the sentencing court denied his nunc pro tunc post-sentence motion, Pacely filed the present nunc pro tunc appeal to this Court. The parties have complied with the dictates of Pa.R.A.P. 1925, and this direct appeal is now properly before us.

On appeal, Pacely asserts:

1) The sentencing court committed legal error and abused its discretion in failing to afford due consideration and deference to the mitigating factors presented and otherwise discernable on behalf of Pacely, given, among other factors, his acceptance of responsibility; and

2) The sentencing court committed legal error and abused its discretion in imposing a consecutive sentencing scheme without a legally sufficient contemporaneous statement in support of its decision.

_____

[1] See 18 Pa.C.S.A. § 3701(a)(1)(ii), 18 Pa.C.S.A. § 6106(a)(1), and 18 Pa.C.S.A. § 2902(a)(1), respectively.

See Appellant's Brief, at 2.

Pacely's two issues implicate the discretionary aspects of his sentence. "It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." Commonwealth v. Austin, 66 A.3d 798, 807–08 (Pa. Super. 2013) (citation omitted).

> Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [see Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

Id. (citation omitted).

Here, Pacely filed a timely notice of appeal and preserved both of his challenges to the discretionary aspects of his sentence in the sentencing court. See Motion for Reconsideration and Modification of Sentence Nunc Pro Tunc, 10/15/18, at 2 (unpaginated). Additionally, Pacely has included in his appellate brief a separate Rule 2119(f) statement. See Appellant's Brief, at 4. Therefore, we proceed to determine whether he has presented a substantial question that his sentence was somehow inappropriate.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

Commonwealth v. Griffin, 65 A.3d 932, 935 (Pa. Super. 2013) (citations and internal quotation marks omitted).

As to his first issue, Pacely, in his Rule 2119(f) statement, maintains that "the fundamental norm violated was that the sentencing scheme was compromised in that the sentencing court failed to afford due weight and consideration to mitigating factors presented by [Pacely]." Appellant's Brief, at 4.

"[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." Commonwealth v. Downing, 990 A.2d 788, 794 (Pa. Super. 2010) (citation omitted, brackets in original). Accordingly, as we find no basis to conclude that Pacely is advancing anything beyond that of an "inadequate consideration of mitigating factors" argument, his first issue on appeal does not present a substantial question appropriate for our review.

However, Pacely's second issue, where he claims the sentencing court failed to place its reasons on the record when it imposed consecutive sentences, does present a substantial question. See Commonwealth v. Brown, 741 A.2d 726, 735 (Pa. Super. 1999) ("An allegation that the sentencing court did not adequately set forth its reasons on the record does

present a substantial question.") (en banc) (citation omitted).[2]

> The standard of review in sentencing matters is well settled. Imposition of a sentence is vested in the discretion of the sentencing court[, whose decision] will not be disturbed absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment…. [O]n appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

Commonwealth v. Smith, 673 A.2d 893, 895 (Pa. 1996) (citations omitted).

We afford the sentencing court great weight as it is in the best position to review not only a defendant's character, but also displays of remorse, defiance, or indifference and the overall effect and nature of the crime. See Commonwealth v. Clever, 576 A.2d 1108, 1110 (Pa. Super. 1990). Where the court's sentencing colloquy "shows consideration of the defendant's circumstances, prior criminal record, personal characteristics and rehabilitative potential, and the record indicates that the court had the benefit of the presentence report, an adequate statement of the reasons for the sentence imposed has been given." Commonwealth v. Phillips, 601 A.2d 816, 823-24 (Pa. Super. 1992).

Our Supreme Court has outlined the standard that governs whether a sentencing court has properly stated its reasons for imposing a sentence on

---

[2] We note that a direct challenge to the imposition of consecutive sentences "may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." Commonwealth v. Moury, 992 A.2d 162, 171-172 (Pa. Super. 2010) (citation omitted).

the record:

> Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself.... Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.

Commonwealth v. Devers, 546 A.2d 12, 18 (Pa. 1988). Accordingly, if the court states on the record that it has consulted a pre-sentence report, this requirement is met. See id.; see also Commonwealth v. Rhoades, 8 A.3d 912, 919 (Pa. Super. 2010) (affirming that, when the sentencing court has had the benefit of a pre-sentence investigation report, our Court will assume it was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors).

Pacely avers that his sentence is "comprised of consecutive sentences without a sufficient contemporaneous statement of the factors in support of sentencing." Appellant's Brief, at 6. Pacely continues by suggesting that "the sentencing court [did not] afford[] due and adequate consideration of the mitigating factors presented on behalf of [Pacely] at time of sentencing." Id. "Moreover, the recitation of factors in support of the imposition of consecutive sentences was insufficient as a matter of law to satisfy the requisite for a contemporaneous statement in support of the sentence as contemplated and mandated under the [S]entencing [C]ode." Id.

Here, the court explicitly stated that it read the pre-sentence report in its entirety and listened to all of the evidence that was presented, both on behalf of the Commonwealth and on behalf of Pacely. See Sentencing Hearing, N.T., 5/5/17, at 12. The court "read the sentencing guidelines" and referenced the fact that it read a letter from Pacely's grandmother, wherein it both described his "good qualities" as well as his drug use. Id. The court found that Pacely faced many stressors in his life and was "someone who is remorseful and [accepting of] responsibility." Id., at 12-14. Undoubtedly, the on-the-record acknowledgment of those elements implies consideration of the same. However, the court also indicated that it had "to balance [Pacely's mitigating features] with the facts of [his] case, which [were] horrendous" and take into account his prior criminal history. Id., at 10-11, 14. Considering all of this, the court imposed a sentence in the standard range of the sentencing guidelines. See id., at 15.

Based on this record, the sentencing court did not fail to state, on the record, adequate reasons for the sentence imposed. See Devers, 546 A.2d at 19 (rejecting the rule requiring "a meaningful explanation" of facts relied upon in imposing sentence when the record reveals the court had sufficient information to impose sentence). Accordingly, we affirm Pacely's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/13/2019