442 A.2d 1185

**COMMONWEALTH of Pennsylvania**

v.

**Richard SCHATZEL, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 25, 1981.

Filed March 19, 1982.

Joseph F. Sklarosky, Assistant Public Defender, Wilkes-Barre, for appellant.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before SPAETH, WIEAND and JOHNSON, JJ.

PER CURIAM:

While under a sentence of two years special probation, Appellant was arrested and charged with Aggravated Assault, Disorderly Conduct, Criminal Mischief, Resisting Arrest, Driving While Under the Influence of Alcohol and Leaving the Scene of an Accident. As a result of these charges, a probation revocation hearing was held, his probation was revoked, and he was sentenced to six months to two years imprisonment.

Appellant contends that the revocation was error because it was based solely on the testimony of the arresting officers who did not observe the accident or see the Appellant actually driving the suspect vehicle at the scene. Upon a review of the record of the Gagnon II proceeding, we have concluded that we must remand to permit the lower court to complete compliance with the due process requirements mandated by *Morrissey v. Brown*, 408 U.S. 471, 487–489, 92 S.Ct. 2593, 2603–04, 33 L.Ed.2d 484, 498–499 (1972).

The Petition for Revocation of Probation upon which the hearing was held claimed that the Appellant had violated condition No. 4 in that he had been arrested and charged with the aforementioned criminal charges, and that he had also violated condition No. 10 "in that he behaved in a manner which threatened or presented a clear or present danger to himself or others." The evidence against Appellant consisted of the testimony of two municipal police officers who presented direct testimony as to their investigation at the accident scene, their subsequent encounter with Appellant, Appellant's flight, the police officers' pursuit and the subsequent arrest.

At the conclusion of the Commonwealth's evidence, counsel for Appellant moved for dismissal of the petition on the grounds that the allegations in the Petition for Revocation

had not been established, and that criminal mischief had not been proven. Though it is far from clear in the record, counsel for Appellant appears also to have contended, at the revocation hearing, that probable cause did not exist for Appellant's arrest until after a fence was broken by Appellant during his flight.

In denying the motion for dismissal, the lower court did not state on the record the evidence upon which the lower court relied in revoking the probation, or the reasons therefore, but moved immediately to sentencing. This was contrary to the minimum requirements of due process as announced in *Morrissey v. Brown, supra*, restated in *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 1762, 36 L.Ed.2d 656, 664 (1973) and recognized by our court in *Commonwealth v. Davis*, 234 Pa.Super. 31, 41, 336 A.2d 616, 621 (1975).

Included in the "minimum requirements of due process" as articulated in *Gagnon v. Scarpelli*, is the necessity for a written statement by the fact finder as to the evidence relied on and reasons for revoking probation. This requirement is set forth in Rule 1409 of the Pennsylvania Rules of Criminal Procedure, which expressly provides as follows:

**Rule 1409. Violation of Probation or Parole: Hearing and Disposition**

Whenever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing held as speedily as possible at which the defendant is present and represented by counsel *and there has been a finding of record that the defendant violated a condition of probation* or parole. *In the event that probation is revoked and sentence is reimposed, the judge shall comply with the pertinent provisions of Rule 1405.* (emphasis supplied)

While we recognize that the focus of a probation violation hearing is to determine whether the probationer's conduct has shown that probation remains an effective vehicle to accomplish rehabilitation and to provide a sufficient deterrent against future antisocial conduct, *Commonwealth v.*

*Kates*, 452 Pa. 102, 114–15, 305 A.2d 701, 708 (1973), and that probation revocation hearings are flexible, permitting consideration of material not admissible at trial, *Commonwealth v. Davis, id.*, 234 Pa.Super. at 41, 336 A.2d at 621, we are not constrained to approve the revocation of probation where we cannot determine from the record the evidence upon which the lower court relied.

Our review of the Gagnon II transcript in this case causes us to conclude that the lower court complied with neither Rule 1409 by porting a violation of probation, nor the pertinent provisions of Rule 1405(a), (b) and (c) providing for the defendant's right to allocution at sentencing, the necessity to place the reasons for the sentence imposed on the record, and the notice to the defendant of his post-sentence rights and obligations.

Accordingly, we vacate the judgment of sentence and remand to permit the lower court to state, on the record, the evidence upon which it relied and its findings as to specific probation violations, and, upon resentence, to comply with the pertinent provisions of Rule 1405.

Judgment of sentence is vacated and the record is remanded with a *procedendo.*