591 A.2d 288

**COMMONWEALTH of Pennsylvania**

v.

**Scott McCONNELL, Appellant.**

Superior Court of Pennsylvania.

Submitted March 18, 1991.

Filed April 11, 1991.

Reargument Denied June 21, 1991.

Petition for Allowance of Appeal
Denied Oct. 31, 1991.

440

Joseph E. Hudak, Pittsburgh, for appellant.

Claire C. Capristo, Asst. Dist. Atty., Pittsburgh, for the Com., appellee.

Before DEL SOLE, TAMILIA and HUDOCK, JJ.

TAMILIA, Judge:

Appellant, Scott McConnell, takes this appeal from judgment of sentence entered February 7, 1990. Following a nonjury trial, appellant was convicted of driving under the influence [1] and related summary offenses and sentenced to a term of forty-eight hours to six months imprisonment and fined $370.

On appeal, appellant raises two ineffectiveness claims. Appellant first argues trial counsel was ineffective for failing to object to the admission into evidence of appellant's refusal to submit to a blood test at the time of his arrest and appellant's videotaped refusals to submit to a blood test and perform field sobriety tests while in police custody.

With regard to allegations of trial counsel's ineffectiveness the test is well settled. First we must determine whether the underlying claim is of arguable merit. If the claim is devoid of merit, our inquiry ceases for counsel will not be deemed ineffective for failing to pursue an issue without merit. If, however, the claim possesses merit, we must determine whether the course of action chosen by counsel had some reasonable basis designed to effectuate his client's interests. Finally, appellant must demonstrate how the ineffectiveness prejudiced him. *Commonwealth v. Tressler*, 526 Pa. 139, 584 A.2d 930 (1990).

1. 75 Pa.C.S. § 3731(a)(1).

 Appellant's initial claim is without merit as evidence of a refusal to submit to a blood test is admissible in Pennsylvania as provided for in the Vehicle Code. The pertinent provision states:

(e) **Refusal admissible in evidence.**—In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3731 or any other violation of this title arising out of the same action, the fact that the defendant refused to submit to chemical testing as required by subsection (a) may be introduced in evidence along with other testimony concerning the circumstances of the refusal. No presumptions shall arise from this evidence but it may be considered along with other factors concerning the charge.

75 Pa.C.S. § 1547(e). *See also Commonwealth v. Hipp*, 380 Pa.Super. 345, 551 A.2d 1086 (1988). Accordingly, trial counsel cannot be deemed ineffective for failing to object to the admission of evidence for which a statute expressly provides. As to appellant's claim that trial counsel was ineffective for failing to object to the admission into evidence of a videotape of appellant at the police station refusing to submit to a blood test and to perform field sobriety tests, we also find this argument without merit.

We are guided in our determination by a recent United States Supreme Court decision, wherein a majority of the Court held that one cannot challenge the introduction into evidence of his refusal to submit to a breathalyzer test or to a blood test. The Court held "that since submission to a blood test could itself be compelled, ... a State's decision to permit a suspect to refuse to take the test but then to comment upon that refusal at trial did not 'compel' the suspect to incriminate himself and hence did not violate the privilege." *Pennsylvania v. Muniz*, 496 U.S. ——, ——, 110 S.Ct. 2638, 2652, 110 L.Ed.2d 528, 554 n. 19 (1990) (citations omitted). The Supreme Court saw no reason to distinguish between chemical blood tests and breathalzyer tests, and we extend the parallel line to field sobriety tests as well, as evidence of one's refusal of these tests is not

"testimonial" in nature and, thus, not within the purview of fifth amendment protections.

Appellant's second claim of ineffective assistance concerns the failure of trial counsel to object to the prosecutor's offer of rebuttal testimony that appellant never advised the police officer who conducted the field sobriety tests that he was suffering from any back injury or ailment. Appellant had previously testified at trial that he was unable to perform the field sobriety tests due to his back hurting. Appellant argues the prosecutor's statement was an impermissible comment upon appellant's post-arrest silence. We disagree as appellant misconstrues the facts of this case.

While appellant correctly notes that references to a criminal defendant's post-arrest silence are improper, a similar prohibition does not attach to a defendant's pre-arrest silence. *Commonwealth v. Gumby*, 398 Pa.Super. 155, 580 A.2d 1110 (1990). In this case, the police made a routine traffic stop of appellant, investigative rather than custodial in nature, and in the course of this traffic stop, appellant was asked to perform a series of field sobriety tests. Only when appellant stated that he could not perform one of the tests, and within the totality of the circumstances the police observed, was appellant arrested for driving under the influence. Accordingly, trial counsel had no basis to object, and this claim of ineffectiveness is without merit.

Judgment of sentence affirmed.[2]

---

**2.** Appellate counsel represented appellant at trial and is raising his own ineffectiveness in this appeal. As appellant's claims are without merit, however, the case need not be remanded for the appointment of new counsel. *See Commonwealth v. McBee* 513 Pa. 255, 520 A.2d 10 (1986).