612 A.2d 1077

**COMMONWEALTH of Pennsylvania**

v.

**Torrence EDWARDS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 15, 1992.

Filed Aug. 25, 1992.

Robert M. Barrett, Pittsburgh, for appellant.

James R. Gilmore, Asst. Dist. Atty., Pittsburgh, for the Com., appellee.

Before TAMILIA, KELLY and MONTGOMERY, JJ.

TAMILIA, Judge:

Torrence Edwards appeals from the December 16, 1991 Order denying his petition for relief filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541 *et seq.*, hereinafter PCRA.

We recite the facts contained in the PCRA court's Opinion as an accurate history of the events leading to this appeal.

On March 17, 1986, Petitioner was charged by Criminal Information at CC8605668 with two counts of Receiving Stolen Property, one count of Criminal Attempt (Theft) and one count of Criminal Conspiracy. On August 26, 1986, Petitioner entered a guilty plea to all charges. On that same date, Petitioner was sentenced to 7 to 23 months incarceration on the charge of Criminal Attempt, 7 to 23 months incarceration on one count of Receiving Stolen Property and five years probation on the second Receiving Stolen Property count. No further penalty was imposed on the remaining charge. The sentences were consecutive and the aggregate sentence was 14 to 46 months incarceration with five years probation. No Post–Trial Motions were filed.

On January 8, 1987, Petitioner was paroled for the balance of the maximum sentence of the Criminal Attempt count. On June 3, 1987, Petitioner was paroled for the balance of the maximum sentence on count two, Receiving Stolen Property.

During Petitioner's parole period, he was charged with Receiving Stolen Property, Unauthorized Use of an Automobile and Possession of Instruments of Crime at CC8040680. On February 7, 1989, Petitioner entered a guilty plea to those charges before the Honorable Joseph H. Ridge. Petitioner also entered a guilty plea to simple

Assault before the Honorable Raymond A. Novak on May 5, 1989 at CC8813094.

On July 6, 1989, Petitioner again appeared before this Court as a convicted violator of his probation and parole. The Court revoked his probation and sentenced him, with respect to the probation violation, to 2 to 7 years incarceration. The Court took no action with respect to the parole violation. No Motion to Modify Sentence was filed and no direct appeal from the judgment of sentence was taken.

(Slip Op., Horgos, J., 2/6/92, pp. 1-2.) On November 11, 1989, appellant filed a pro se PCRA petition which was subsequently amended by court-appointed counsel, Robert Barrett. The PCRA petitions raised issues concerning the validity of his August 26, 1986 guilty plea and the effectiveness of counsel at the July 6, 1989 probation revocation. Appellant also argues the court erred by revoking his probation on July 6, 1989. At the PCRA hearing conducted on December 16, 1991, appellant failed to appear, although his counsel was present, and no testimony was offered in support of the petitions' allegations. The court, therefore, denied the amended petition and this appeal followed.

■ To obtain PCRA relief a petitioner is required to plead and prove, by a preponderance of the evidence, his conviction or sentence resulted from one or more enumerated errors or defects in the proceedings. In light of the fact no evidence was offered at the PCRA hearing and because this Court's scope of review is limited to determining whether the PCRA court's findings were supported by the record and its Order is free of legal error, we question whether this Court is empowered to review proceedings wherein no evidence was presented, effectively placing us in the position of factfinder. Nevertheless, in the interest of judicial economy we will address the merits of appellant's arguments.

■ Appellant avers he is entitled to PCRA relief because he entered his plea of guilt on the basis of trial counsel's representations there were no available defenses

to the crimes with which he was charged and he would receive a maximum sentence of seven (7) to twenty-three (23) months.

The withdrawal of a guilty plea after sentencing will be permitted upon a showing of severe prejudice to the appellant in the form of "manifest injustice" which can only be shown when the plea is involuntary. *Commonwealth v. Shaffer,* 498 Pa. 342, 446 A.2d 591 (1982). Disappointed expectations as to the sentence imposed do not vitiate guilty pleas. *Commonwealth v. Brown,* 242 Pa.Super. 240, 363 A.2d 1249 (1976). Appellant pled guilty in open court after an extensive oral colloquy and after having completed and signed a written colloquy wherein he swore he was satisfied with counsel's representation and no promises had been made to induce his guilty plea. Appellant filed neither a motion to withdraw his guilty plea nor a direct appeal from judgment of sentence. No evidence has been offered to support appellant's contention his plea was anything other than voluntary and knowing. We find the written and oral colloquies refute appellant's allegation his plea was involuntary. Accordingly, we find this argument without merit.

Appellant's ineffective assistance of counsel argument is likewise devoid of merit. Appellant argues he was denied effective assistance of counsel by trial counsel's unlawful inducement of a plea of guilt, and counsel's failure to file motion to withdraw the guilty plea, seek a modification of his sentence or file a direct appeal from judgment of sentence. We disagree.

Counsel is presumed to be effective and the burden of proving ineffectiveness rests on the defendant. *Commonwealth v. Hutchinson,* 521 Pa. 482, 556 A.2d 370 (1989). To establish ineffectiveness the appellant must first prove the issue, argument or tactic foregone by counsel had arguable merit. *Commonwealth v. Tressler,* 526 Pa. 139, 584 A.2d 930 (1990). If the claim is devoid of merit, the inquiry ceases. *Commonwealth v. Nelson,* 514 Pa. 262, 523 A.2d 728 (1987). If the claim possesses merit appellant

must show counsel's course of action had no basis designed to effectuate appellant's interests, and defendant must demonstrate how he was prejudiced by the ineffectiveness. *Commonwealth v. McConnell,* 404 Pa.Super. 439, 591 A.2d 288 (1991).

Having found appellant's plea to have been voluntarily offered, we dismiss appellant's first ineffectiveness claim without discussion.

As to counsel's failure to withdraw the guilty plea or file post-sentence motions and/or a direct appeal, appellant's argument is limited to the bald averment "[t]he failure of counsel to undertake such actions has no legitimate basis and has deprived the Appellant of the preservation of such issue and appellate review thus resulting in prejudice to the Appellant." (Appellant's brief at p. 9.) This contention, without supporting argument and evidence or PCRA hearing testimony in support thereof, must likewise fail. *See Dauphin Deposit Bank & Trust Co. v. Pifer,* 383 Pa.Super. 275, 556 A.2d 904 (1989) (Claims presented in boilerplate fashion are not preserved for review). *See also* Pa.R.A.P. 2119.

■ Finally, appellant argues the court erred by revoking his probation where evidence failed to demonstrate probation was not an "effective vehicle to accomplish a deterrent against future anti-social conduct." (Appellant's brief at 10.) Appellant does not argue he did not violate the terms of his probation, rather he avers an extension of his probation, rather than incarceration, was the appropriate remedy for his violation.

The purpose of a probation revocation hearing is to ascertain if the defendant's conduct supports a finding probation remains an effective vehicle to accomplish rehabilitation and prevent continuing anti-social conduct. *Commonwealth v. Schatzel,* 297 Pa.Super. 7, 442 A.2d 1185 (1982). The Honorable Robert P. Horgos found incarceration was the appropriate remedy and reasoned, inter alia:

You have shown a disregard for the system in that whatever break the court attempts to give you, you don't benefit by it. We put you in a minimum security place; still didn't help you out. The court warned you repeatedly. You came back again. Not only violated each of them. You went before Judge Ridge and Judge Novak. Now you get involved with violent offenses of assault. Assaultive behavior. Before it was just thievery of automobiles, which is progressing, and other thievery as well.

The court feels that the court has to fashion a sentence that protects society as well as takes into consideration that you violated two paroles each of them seven to 23 months consecutive period. So the court would be remiss if it did not give you more than what you received the previous time.

Now, the court feels your rehabilitative needs cannot be served by probation. It has to be done through incarceration. The character is such as the court just does not believe even after you finish this sentence that you won't be out doing the same thing again.

(Probation Violation Hearing, 7/6/89, p. 10.)

The probation revocation hearing transcript indicates the court properly disclosed in open court its reasons for imposing sentence following revocation of probation. *See Commonwealth v. Beasley*, 391 Pa.Super. 287, 570 A.2d 1336 (1990). Because the record reveals the trial court did not abuse its discretion, we will not disturb the two to seven year term of incarceration imposed July 6, 1989.

Based on the foregoing reasons of law and fact, we affirm the December 16, 1991 Order denying appellant's request for post-conviction relief.

Order affirmed.

Concurring statement by KELLY, J.

MONTGOMERY, J., concurs in the result.

KELLY, Judge, concurring:

While I agree with the result reached by the majority, I am compelled to note the following. First, I must respectfully disagree with the majority to the extent it questions this Court's ability to review PCRA proceedings "wherein no evidence was presented." Majority Opinion at 3. Given that this Court is empowered to review PCRA petitions wherein an evidentiary hearing was not even *granted, see Commonwealth v. Weddington,* 514 Pa. 46, 522 A.2d 1050 (1987), it would appear to me that we are authorized as well to review any petition such as this in which a hearing was granted but no evidence presented. The failure to present evidence at such a hearing does not, in my opinion, place us in the role of fact finder during appellate review, but rather simply indicates that the burden of proof incumbent upon any defendant properly granted an evidentiary hearing has not been overcome.

Such is this case herein. By failing to appear at the evidentiary hearing, appellant effectively lost whatever chances he had had to successfully establish that his counsel had so ineffectively served him during his guilty plea as to sufficiently undermine the reliability of the truth-determining process. *See Commonwealth v. Thomas,* 396 Pa.Super. 92, 99, 578 A.2d 422, 425 (1991) ("Under the PCRA, a petitioner *must not only* establish ineffective assistance of counsel, petitioner *must also* establish that the ineffectiveness was of a type 'which in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilty or innocence could have taken place.' "). Hence, I concur.[1]

---

1. I note in passing that I would consider appellant's challenge to the imposition of sentence for violation of parole unreviewable at this stage in the proceedings. Appellant does not dispute that he actually violated parole. Rather, appellant argues only that the sentence imposed for such a violation was an abuse of discretion. Such an issue is not cognizable under the PCRA. *See Commonwealth v. Wolfe,* 398 Pa.Super. 94, 580 A.2d 857 (1990).