J-S37032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MARK LUKE STOUT, | : | |
| | : | |
| Appellant | : | No. 1600 MDA 2016 |

Appeal from the PCRA Order entered August 22, 2016
in the Court of Common Pleas of Luzerne County,
Criminal Division, No(s): CP-40-CR-0000258-2014;
CP-40-CR-0000447-2015

BEFORE:  STABILE, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 17, 2017**

Mark Luke Stout ("Stout") appeals, *pro se*, from the Order dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth the relevant factual and procedural history as follows:

> [At No. CP-40-CR-0000258-2014 ("No. 258-2014"), Stout] entered a plea of guilty to two hundred counts of child pornography and one count of criminal use of communication facility on September 26, 2014.  [At No. CP-40-CR-0000447-2015 ("No. 447-2015"), Stout] then pled guilty to an additional two counts of child pornography and an additional count of criminal use of communication facility on March 24, 2015.
>
> Sentencing also occurred on March 24, 2015.  [At No. 258-2014], [Stout] was sentenced to 12 to 24 months on counts one through five[,] to run consecutively.  The remaining 196 counts were to run concurrent to count five.  [At No. 447-2015], [Stout] received a sentence of 12 to 24 months on counts one and two[,] and 6 to 12 months on count three.  These sentences were to run consecutive to each other and consecutive to the

sentence imposed on [No. 258-2014]. The aggregate sentence [for] both cases was 7½ to 15 years. All sentences were within the standard range. [Stout] was given credit for serving 275 days of incarceration prior to sentencing.

On March 27, 2015, [Stout] filed a Post[-]Sentence Motion to Modify Sentence. On March 30, 2015, [Stout] filed a Motion to Modify Sentence. Both Motions were denied by Order dated April 28, 2015.

[Stout] filed a timely [N]otice of [A]ppeal … on May 20, 2015. Appellate counsel filed an **Anders**[1] brief[,] and the appeal was discontinued.

[Stout, *pro se*, filed a PCRA Petition on February 12, 2016, which the PCRA court dismissed, without prejudice, as premature.]

On May 20, 2016, [Stout] filed [the instant, timely[2]] *pro se* [PCRA Petition]. Counsel was appointed to represent [Stout,] and [counsel] submitted a "no merit" letter [pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*),] after determining that the PCRA [Petition] was without merit. The PCRA court granted the motion to withdraw filed by PCRA counsel. A Notice of Intention to Dismiss the [PCRA Petition] pursuant to Pa.R.Crim.P. 907 was issued by [the PCRA c]ourt on July 27, 2016. An Order dated August 22, 2016 was then filed[,] which dismissed the [PCRA Petition].

PCRA Court Order, 10/20/16, 2-3 (unnumbered; footnotes added).

Stout, *pro se*, filed a timely Notice of Appeal. On September 22, 2016, the PCRA court issued an Order directing Stout to file a Pa.R.A.P. 1925(b)

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

[2] A judgment of sentence becomes final, for PCRA purposes, on the date an appeal is discontinued. **See Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008).

J-S37032-17

concise statement of errors complained of on appeal within 21 days. Stout

did not file his Concise Statement until November 17, 2016.[3]

> We review an order dismissing a petition under the PCRA
> in the light most favorable to the prevailing party at the PCRA
> level. This review is limited to the findings of the PCRA court
> and the evidence of record. We will not disturb a PCRA court's
> ruling if it is supported by evidence of record and is free of legal
> error.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations

omitted).

---

[3] We note that on October 20, 2016, the PCRA court issued an Order finding that Stout waived his claims by failing to file a court-ordered Rule 1925(b) concise statement. **See** PCRA Court Order, 10/20/16, at 1-2 (unnumbered); **see also Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (stating that "in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925." (citation and brackets omitted)). However, there is no indication from the docket when service of the 1925(b) Order was effectuated. **See** Pa.R.Crim.P. 114 (providing that the clerk of courts must furnish copies of the order to the parties and record the date of service of the order in the docket). Accordingly, we decline to find Stout's claims waived on this basis. **See Commonwealth v. Chester**, 2017 WL 2200744, *2 (Pa. Super. 2017).

On appeal, Stout challenges the effectiveness of his plea counsel.[4] Brief for Appellant at 4 (unnumbered). Stout claims that his plea counsel failed to file a motion to withdraw his guilty plea, despite Stout's written request. *Id.*

In his three-paragraph argument, Stout failed to identify the elements of a claim of ineffective assistance of counsel, or to provide any discussion regarding those elements. Additionally, Stout failed to include any argument regarding why, if the motion had been filed, he would be entitled to withdraw his guilty plea. Stout's bald assertion that "the outcome would have been different" if his plea counsel had filed a motion to withdraw the guilty plea is insufficient to establish his entitlement to relief. *See Commonwealth v. Bracey*, 795 A.2d 935, 940 n.4 (Pa. 2001) (stating that "an undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy [a]ppellant's burden of establishing that he is entitled to any relief.");

---

[4] Stout also baldly claims that he was denied the right to counsel at his arraignment and preliminary hearing. Brief for Appellant at 4 (unnumbered). However, Stout failed to include these claims in his Concise Statement, and therefore, they are waived. *See* Pa.R.A.P. 1925(b)(4)(vii) (providing that "[i]ssues not included in the Statement … are waived."). Additionally, Stout failed to develop these issues in a meaningful fashion capable of our review. *See* Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent."); *see also Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

*see also Commonwealth v. Spotz*, 896 A.2d 1191, 1250 (Pa. 2006) (concluding that appellant's "undeveloped argument respecting the ineffectiveness of all prior counsel is insufficient to establish an entitlement to post-conviction relief."); *Commonwealth v. Jones*, 811 A.2d 994, 1003 (Pa. 2002) (noting that "[c]laims of ineffective assistance of counsel are not self-proving").

Moreover, the PCRA court concluded, and we agree, that Stout's guilty plea was knowingly, intelligently, and voluntarily entered. Here, the trial court conducted oral colloquies on the record, during which Stout acknowledged that he was pleading guilty of his own free will, and no one was forcing him to plead guilty; he understood the nature of the charges; he understood that he was giving up certain constitutional rights, including the presumption of innocence and the right to a jury trial; he understood the maximum sentences he could receive for each charge, and that his sentences could be imposed consecutively; and he agreed to the facts underlying each charge. *See* N.T., 3/24/15, at 2-6; N.T., 9/26/14, at 2-6; *see also* Pa.R.Crim.P. 590, cmt. (setting forth the areas of inquiry that must be covered by a valid plea colloquy). Under these circumstances, Stout is unable to show that he was prejudiced by counsel's failure to file a motion to withdraw his guilty plea. *See Commonwealth v. Edwards*, 612 A.2d 1077, 1079-80 (Pa. Super. 1992) (dismissing appellant's ineffective assistance of counsel claim because appellant could not show prejudice for

counsel's failure to file a post-sentence motion to withdraw the guilty plea, where the guilty plea was entered voluntarily and knowingly).  Accordingly, the PCRA court did not err in dismissing Stout's Petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2017