J-S84022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD CARTAGENA | : | |
| | : | No. 1100 MDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence May 2, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000496-2016

BEFORE:  SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:                **FILED MARCH 20, 2018**

Richard Cartagena appeals from his judgment of sentence, entered in the Court of Common Pleas of York County, after he entered an open guilty plea to one count of acquisition or possession of a controlled substance by misrepresentation.[1]  Upon review, we affirm.

The underlying charges in this matter stem from incidents occurring between July 28 and October 28, 2015, in which Cartagena made photocopies of a legitimate prescription for oxycodone and fraudulently attempted to have them filled at various pharmacies.  On August 2, 2016, Cartagena appeared before the court for the purpose of entering a guilty plea.  However, during the course of those proceedings, it became apparent to the court that Cartagena and his then-counsel, Michael F. Fenton, Esquire, were having

_____

[1] 35 P.S. § 780-113(a)(12).

communication difficulties, rendering continued representation by that counsel impossible. Accordingly, the court declined to accept Cartagena's plea on that date and authorized him to obtain new counsel.

Thereafter, on March 13, 2017, Cartagena appeared with new counsel, William H. Graff, Jr., Esquire, and entered an open plea of guilty to the above charge. The court accepted the plea and ordered both pre-sentence and intermediate punishment ("IP") evaluations be performed prior to sentencing. On May 2, 2017, Cartagena was deemed ineligible for IP because of prior harassment and firearms offenses. The court sentenced him to 77 to 140 months' incarceration.

On May 9, 2017, Cartagena filed a *pro se* motion to withdraw his plea. As he was still represented by counsel, on May 11, 2017, counsel filed a formal petition to withdraw plea on Cartagena's behalf. The court held a hearing on June 16, 2017. At the outset of the hearing, Cartagena requested a continuance for the purpose of securing new counsel.[2] The court denied Cartagena's request and proceeded with a hearing on the motion to withdraw, at the conclusion of which it denied the motion.

Cartagena subsequently retained new counsel, his third, who filed a timely notice of appeal and court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

---

[2] Cartagena had written to the court approximately two weeks earlier indicating he intended to retain new counsel.

On appeal, Cartagena raises the following issues for our review:

1. Did the trial court err in denying [Cartagena's] [m]otion to [w]ithdraw [h]is [g]uilty [p]lea where the plea was unknowing and involuntary because it was induced by a promise to conduct an intermediate punishment evaluation that was an empty formality due to Cartagena's categorical ineligibility for intermediate punishment?

2. Did the trial court err in forcing Cartagena to proceed on the [m]otion to [w]ithdraw [g]uilty [p]lea with counsel whose ineffectiveness he had alleged instead of granting Cartagena's request for a continuance to secure conflict-free counsel?

Brief of Appellant, at 4.

Cartagena first asserts that the trial court erred in refusing to grant his motion to withdraw his guilty plea. The standard for permitting a defendant to withdraw a plea of guilty varies according to the point in the proceedings at which the motion to withdraw is made. Our Supreme Court has established significantly different standards of proof for defendants who move to withdraw a guilty plea before sentencing and for those who move to withdraw a plea after sentencing. *See Commonwealth v. Lesko*, 467 A.2d 307, 310 (Pa. 1983) (allowing accused to withdraw guilty plea after imposition of sentence requires stricter standard to prevent defendants from using guilty plea as tool for previewing court's sentence; such misuse does not occur when withdrawing guilty plea prior to sentencing). With regard to post-sentence motions to withdraw, a defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. *Commonwealth v. Flick*, 802 A.2d 620, 623 (Pa. Super. 2002).

> To be valid under the "manifest injustice" standard, a guilty plea must be knowingly, voluntarily and intelligently entered. ***Commonwealth v. Pollard***, 832 A.2d 517, 522 (Pa. Super. 2003). "A manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly." ***Commonwealth v. Gunter***, [] 771 A.2d 767, 771 ([Pa.] 2001). The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. ***Commonwealth v. Hodges***, 789 A.2d 764, 765 (Pa. Super. 2002), citing Pa.R.Crim.P. 590. Under Rule 590, the court should confirm, *inter alia*, that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. ***Commonwealth v. Watson***, 835 A.2d 786 (Pa.Super. 2003). The reviewing court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. ***Commonwealth v. Muhammad***, 794 A.2d 378 (Pa. Super. 2002). Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise. ***Pollard***, ***supra***.

***Commonwealth v. Kpou***, 153 A.3d 1020, 1023–24 (Pa. Super. 2016) (brackets omitted). A written plea colloquy may be used to supplement the oral colloquy of the defendant. Pa.R.Crim.P. 590, note.

Here, Cartagena alleges that his plea was involuntary because he was promised an IP evaluation and "pled guilty with the understanding that . . . he had at least the *possibility* of IP." Brief of Appellant, at 15 (emphasis in original). Although an IP evaluation was performed, in reality, IP was categorically unavailable to him because of his prior convictions. Thus, because his IP evaluation was a "meaningless formality," Cartagena argues

that his plea was unknowing and involuntary. Cartagena is entitled to no relief.

Cartagena does not argue that he was promised an IP sentence in exchange for entering a plea, either by his own counsel or by the Commonwealth. Rather, he acknowledges that he was promised merely an IP evaluation, which he, in fact, received. While he may not have been explicitly told by his counsel that, due to his prior record, he would be ineligible for IP, he understood that, pursuant to his open plea agreement, his sentence was left entirely to the discretion of the trial court. While the Commonwealth has an affirmative duty to honor all promises that serve as an inducement to a defendant to plead guilty, **Commonwealth v. Jackson**, 546 A.2d 105, 108 (Pa. Super. 1988), Cartagena received the benefit of his bargain when the IP evaluation was performed. Although Cartagena hoped he might receive an IP sentence, disappointed expectations as to the sentence imposed do not vitiate voluntary guilty pleas. **Commonwealth v. Edwards**, 612 A.2d 1077, 1079 (Pa. Super. 1992), citing **Commonwealth v. Brown**, 363 A.2d 1249 (Pa. Super. 1976).

The record as a whole demonstrates that Cartagena's plea was entered knowingly, intelligently and voluntarily.[3] Prior to entering his plea, Cartagena

_____

[3] To the extent Cartagena's claim rests on allegations of plea counsel's ineffectiveness, it must await collateral review under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. **See Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013) (subject to two narrow exceptions not applicable here, all claims of counsel's ineffectiveness must be deferred until collateral review).

completed and signed an extensive written plea colloquy, in which he acknowledged that: he was entering an open plea and would receive an IP evaluation; the trial court was not constrained to accept any sentence recommendations; no other promises had been made to him in exchange for his plea; he was satisfied with his attorney's representation; and he had not been coerced to enter a plea. In addition, the written colloquy set forth the nature of the charge against Cartagena and permissible range of his sentence, *see* Written Plea Colloquy, 3/13/17, at ¶ 25, and the fact that he is presumed innocent, *see id.* at ¶ 18. During the oral colloquy, the court confirmed that Cartagena understood the written colloquy and that nothing had been promised to him in exchange for his plea. *See* N.T. Guilty Plea, 3/13/17, at 4-5. Cartagena also acknowledged the factual basis for his plea. *See id.* at 6-7. Finally, counsel requested, and the court ordered, that Cartagena be given an IP evaluation. *See id.* at 7-9.

Subsequently, at the very outset of the sentencing proceeding, defense counsel noted that Cartagena was ineligible for IP due to his prior record. Defense counsel requested that the Commonwealth waive Cartagena's ineligibility, but the district attorney declined to do so. Nevertheless, Cartagena chose to proceed to sentencing rather than asking to withdraw his plea.

In light of the foregoing, it is apparent that Cartagena was aware that he was not guaranteed an IP sentence and that the trial court retained full discretion to sentence him as it saw fit. His plea was entered knowingly,

intelligently, and voluntarily. Thus, Cartagena is unable to demonstrate the manifest injustice necessary for the post-sentence withdrawal of his guilty plea. *Kpou*, *supra*. Accordingly, the trial court did not err in denying his request to withdraw his plea.

Cartagena also claims that the trial court erred in forcing him to proceed at the hearing on his motion to withdraw rather than granting him a continuance to seek new counsel. Cartagena asserts that counsel was conflicted because, he claims, counsel had "offered my IP with my open plea if not I would've gone to trial[.]" Brief of Appellant, at 21. Cartagena also argues that counsel did not strenuously argue on his behalf to withdraw his plea and, in fact, conceded that Cartagena could not demonstrate the manifest injustice necessary to prevail. He is entitled to no relief.

It is well-settled that the decision to grant or deny a request for a continuance is within the sound discretion of the trial court. *Commonwealth v. Pries*, 861 A.2d 951, 953 (Pa. Super. 2004). The trial court's determination

> will be reversed only upon a showing of an abuse of discretion. As we have consistently stated, an abuse of discretion is not merely an error judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record.

*Commonwealth v. Prysock*, 972 A.2d 539, 541 (Pa. Super. 2009) (internal citations and quotation marks omitted).

"The right to counsel is guaranteed by both the Sixth Amendment to the United States Constitution and by Article I, Section 9 of the Pennsylvania

Constitution. . . . [T]hese constitutional rights entitle an accused 'to choose at his own cost and expense any lawyer he may desire.'" ***Commonwealth v. Antidormi***, 84 A.3d 736, 746 n.8 (Pa. Super. 2014), quoting ***Prysock***, 972 A.2d at 542. "[H]owever . . . the constitutional right to counsel of one's choice is not absolute." ***Id.*** Rather, it must be exercised at a reasonable time and in a reasonable manner. ***Commonwealth v. Thomas***, 879 A.2d 246, 261 (Pa. Super. 2005), citing ***Commonwealth v. Novak***, 150 A.2d 102, 109 (Pa. 1959). While a defendant is entitled to choose his own counsel, he should not be permitted to unreasonably "clog the machinery of justice or hamper and delay the state's efforts to effectively administer justice." ***Commonwealth v. Baines***, 389 A.2d 68, 70 (Pa. 1978).

Here, the trial court denied Cartagena's request for a continuance to obtain new counsel because it believed he was merely seeking to stall the proceedings in the hopes of obtaining a different result, i.e., an IP sentence. The court's conclusion is supported by the record. First, although Cartagena had advised the court two weeks prior to the hearing that he was hiring other counsel, he had taken no steps to do so by the date of the hearing. Second, Attorney Graff, whom Cartagena sought to replace, was the second counsel with whom Cartagena had developed a conflict. Cartagena alleged that his original attorney essentially abandoned him, telling the court:

> [THE DEFENDANT]: But my other lawyer, Fenton, he withdrew on me, just like that. My money just went to waste. He got granted, and I don't know why, you know what I mean. No question was asked why he's stepping off my case, why he's withdrawing.

> Nobody ever asked that. He just took my money and fleed [sic] out the back door.

N.T. Motion to Withdraw Hearing, 6/16/17, at 21. However, the record belies Cartagena's assertion. At Cartagena's original plea hearing, the following exchange transpired between the court and Cartagena:

> THE COURT: Well, sir, are you asking or do you agree with Attorney Fenton that you are not able to communicate with him any further as attorney and client?
>
> THE DEFENDANT: Excuse me?
>
> THE COURT: Attorney Fenton has indicated that he feels he cannot communicate with you any further. Do you agree with him or disagree with him?
>
> THE DEFENDANT: I agree with him.

N.T. Hearing, 8/2/16, at 6. As the record demonstrates, Cartagena's claim that his first counsel abandoned him was disingenuous, at best. As such, the trial court properly viewed his second request to obtain new counsel for what it was – a futile attempt to obtain a more satisfactory sentence.

In sum, the record demonstrates that Cartagena was dissatisfied with his sentence and hoped that a new attorney would obtain a different result. However, as demonstrated above, Cartagena's guilty plea was entered knowingly, intelligently and voluntarily.[4] Accordingly, he was not entitled to withdraw his plea and new counsel could do nothing to change that fact. Therefore, the trial court did not abuse its discretion in denying Cartagena's request for a continuance to retain new counsel.

_____

[4] We note that Cartagena is represented by new counsel on appeal.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/20/2018