J-S19005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TRENT EDWARD LEE | : | |
| | : | |
| Appellant | : | No. 97 WDA 2021 |

Appeal from the Judgment of Sentence Entered November 23, 2020
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s):  CP-17-CR-0000794-2020

BEFORE:   DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED: AUGUST 20, 2021**

Appellant, Trent Edward Lee, appeals from the Judgment of Sentence entered on November 23, 2020, after he pleaded guilty to three counts each of Simple Assault and Terroristic Threats. Appellant's counsel filed a Petition to Withdraw and **Anders**[1] Brief, in which she has raised a challenge to the discretionary aspects of Appellant's sentence. Appellant filed a *pro se* Reply to counsel's **Anders** Brief. After careful review, we conclude that Appellant waived his challenge to the discretionary aspects of his sentence by failing to timely file a Post-Sentence Motion preserving the issue. He has likewise failed to present in his *pro se* Reply any issue of arguable merit. As a result, we

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967).

affirm Appellant's Judgment of Sentence and grant counsel's Motion to Withdraw.

On September 17, 2020, Appellant entered a hybrid negotiated plea agreement with the Commonwealth whereby the Commonwealth agreed to *nolle pros* three charges of Aggravated Assault in exchange for Appellant's pleading guilty to the above charges and a minimum term of six months' imprisonment. The agreement did not specify the maximum term of incarceration or place of incarceration. The trial court accepted Appellant's plea the same day.

On November 23, 2020, the trial court imposed the negotiated 6-month minimum sentence, with a maximum term of 6 years' incarceration, to be served at a state correctional institute. Appellant untimely filed a Motion for Reconsideration on December 4, 2020, which the court denied on December 18, 2020.

Appellant filed a Notice of Appeal on January 1, 2021, and both he and the trial court complied with Pa.R.A.P. 1925. Appellant's counsel filed an **Anders** Brief and Petition to Withdraw as Counsel. Appellant filed a *pro se* Reply to counsel's **Anders** Brief.

### Jurisdiction

Preliminarily, we must determine if we have jurisdiction to consider the merits of this appeal. The timeliness of an appeal implicates this Court's jurisdiction. **Commonwealth v. Green**, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*). A party must file an appeal within 30 days from the

Judgment of Sentence, unless the defendant files a timely post-sentence motion within 10 days of the imposition of sentence. *Id.* at 618; Pa.R.Crim.P. 720(A)(1)-(3). Where a defendant files a timely post-sentence motion, the appealing party must file their notice of appeal within 30 days of the entry of the order deciding the motion or the denial of the motion by operation of law. Pa.R.Crim.P. 720(A)(2)(a), (b). An untimely post-sentence motion, however, does not toll the 30-day appeal period. *Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007).

Additionally, when ruling on a post-sentence motion, the court is required to "include notice to the defendant of . . . the right to appeal and the time limits within which the appeal must be filed[.]" Pa.R.Crim.P. 720(B)(4)(a).

In the instant case, the court imposed sentence on November 23, 2020, and informed Appellant of his post-sentence and appellate rights. Eleven days later, on December 4, 2020, Appellant untimely filed a Post-Sentence Motion for Reconsideration. This untimely Motion did not toll the appeal period, which expired on December 23, 2020. The court denied Appellant's Post-Sentence Motion on December 18, 2020, five days before the expiration of the appeal period. In doing so, the court made no mention of Appellant's right to appeal and the time limits within which he must file his appeal. *See* N.T. Hearing, 12/18/20. Appellant then untimely filed his Notice of Appeal on January 1, 2021.

The instant case presents a factually similar situation to the one this Court faced in **Patterson**, **supra**. In that case, the appellant filed an untimely post-sentence motion, which the court denied 15 days before the expiration of the appeal period. Although the court informed the appellant of his post-sentence and appellate rights when it imposed sentence, it failed to inform him of his appellate rights when it denied his post-sentence motion within the direct appeal period. This Court concluded that the failure to comply with the mandatory language in Rule 720 and provide the required notice of the time for taking an appeal constituted a breakdown that excused the filing of an otherwise untimely notice of appeal. 940 A.2d at 499-500.

**Patterson** compels the same result here. The trial court failed to comply with Pa.R.Crim.P. 720(B)(4)(a)'s mandate that it reinform Appellant of his appellate rights when it denied his Post-Sentence Motion within the direct appeal period. This constitutes an administrative breakdown in the court system that excuses Appellant's untimely filing of his Notice of Appeal. **Patterson**, 940 A.2d at 499. This Court, thus, has jurisdiction to review the merits of this appeal.

## Counsel's *Anders* Brief and Petition to Withdraw

When counsel files an **Anders** Brief, and the appellant files a *pro se* or counseled response, this Court will first determine whether counsel has complied with the dictates of **Anders** and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). **See Commonwealth v. Bennett**, 124 A.3d 327, 333 (Pa. Super. 2015) (outlining the proper procedure where counsel files an

*Anders* Brief and the appellant files a *pro se* response). If counsel has complied with *Anders* and *Santiago*, we address the issues raised in the *Anders* Brief. *See Bennett*, 124 A.3d at 333. If we determine that those issues are without merit, we examine the allegations Appellant raised in his *pro se* Reply. *See id.* We treat this filing as an advocate's brief and review it "as we do any advocate's brief." *Id.* We are mindful that "[this] Court is limited to examining only those issues raised and developed in the [*pro se* Reply; w]e do not act as, and are forbidden from acting as, appellant's counsel." *Id.*

For counsel to withdraw from an appeal pursuant to *Anders*, our Supreme Court has determined that counsel must meet the following requirements:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel here has complied with the mandated procedure for withdrawing as counsel. Additionally, counsel confirms that she sent Appellant a copy of the *Anders* Brief and Petition to Withdraw, as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed

- 5 -

*pro se*, or raise any additional points. **See Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements).

Having confirmed counsel's compliance with the above requirements, we turn to the issue counsel raised in her **Anders** Brief. We will then address Appellant's Reply to counsel's **Anders** Brief.

**Discretionary Aspects of Sentence**

In her **Anders** Brief, counsel raises a challenge to the discretionary aspects of Appellant's sentence. She posits that the trial court failed to state, on the record, the reasons for Appellant's sentence pursuant to 42 Pa.C.S. § 9721(b) (the trial court shall impose punishment consistent with "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.").

Challenges to the discretionary aspects of sentence are not appealable as of right. **Commonwealth v. Leatherby**, 116 A.3d 73, 83 (Pa. Super. 2015). To invoke this Court's jurisdiction to review an appellant's challenge to the sentencing court's discretion, the appellant must, *inter alia*, properly preserve the issue at sentencing or in a motion to reconsider and modify the sentence. **Id.**

Appellant did not challenge the sentencing court's exercise of discretion at sentencing. Likewise, as stated above, Appellant untimely filed his Post-Sentence Motion for Reconsideration. "An untimely post-sentence motion does not preserve issues for appeal." **Commonwealth v. Wrecks**, 931 A.2d 717,

719-20 (Pa. Super. 2007). As a result, Appellant waived his challenge to the discretionary aspects of his sentence.

**Appellant's *Pro se* Reply**

Appellant filed a *pro se* Reply to counsel's **Anders** Brief.[2] As stated above, our case law dictates that we treat this Reply as an advocate's brief. **Bennett**, 124 A.3d at 333. Appellant's Reply presents only one discernable argument. He seems to challenge the voluntariness of his guilty plea, asserting that he "only" entered the plea agreement because he believed his sentence "could prob[ably] be a county sentence due to the nature of the crimes[.]" *Pro se* Reply, filed 5/19/21, at 1-2.

Appellant's plea agreement did not contain any guarantees about where he would serve his term of incarceration. **See** Plea Agreement, filed 9/18/20. In fact, it explicitly stated: "Maximum [sentence] to the Court. Fines, Cost, Restitution, **all other terms** [except minimum sentence] **to the Court**." *Id.* at 2. Moreover, in his written plea colloquy, Appellant indicated that he understood that "**the place of incarceration,** either county jail or state prison, **is solely within the discretion of the Sentencing Judge** and that

---

[2] Although this Court would typically conduct an independent review of the record for arguably meritorious issues that counsel missed or misstated, **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*), as stated above, when a defendant files a response to an **Anders** Brief, "[this] Court is limited to examining only those issues raised and developed in the [response; w]e do not act as, and are forbidden from acting as, appellant's counsel." **Bennett**, 124 A.3d at 333.

**you are given no guarantees as to the place of incarceration**[.]" Written Plea Colloquy, filed 9/18/20, at 4.

As noted above, the written negotiated plea agreement distinctly left Appellant's place of incarceration to the discretion of the trial judge.[3] In his Reply, Appellant does not assert that he misapprehended this fact; rather, he states only that he believed that the court would "probably" sentence him to incarceration in county jail. "Disappointed expectations as to the sentence imposed do not vitiate guilty pleas." ***Commonwealth v. Edwards***, 612 A.2d 1077, 1079 (Pa. Super. 1992). Appellant's disappointment in the sentencing court's exercise of discretion does not provide grounds to withdraw his plea or make the plea involuntary.

### Conclusion

Following our review, we conclude that Appellant waived his challenge to the discretionary aspects of his sentence and failed to present any issues of merit in his Reply to counsel's Petition to Withdraw and ***Anders*** Brief. Accordingly, we grant counsel's Petition to Withdraw and affirm Appellant's Judgment of Sentence.

Petition to Withdraw as Counsel granted; Judgment of Sentence affirmed.

---

[3] Additionally, Appellant's six-year maximum sentence compelled the trial court to impose state incarceration. 42 Pa.C.S. § 9762(b)(1).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  8/20/2021